THOMAS MOUNT v. DRURY J. BROWN, Admr., &c.

1. EXECUTOR AND ADMINISTRATOR: SALES BY: PURCHASER REFUSING TO COMPLETE
   HIS PURCHASE LIABLE FOR LOSS ON RESALE.—If the vendee at an administrator's
   sale refuse to complete the purchase by giving bond and security, as required
   by the terms of the sale, the administrator may resell and hold the purchaser
   responsible for the loss sustained by the diminution in price brought by the
   property on the second sale ; and this is the general rule applicable to all sales
   at auction. See 2 Kent's Com. 504; 5 John. R. 395 ; 5 Serg. & R. 32; 2 Watts
   & Serg. 216 ; 7 Ala. R. (N. S.) 153.

2. SAME: ACTION FOR DAMAGES MAY BE BROUGHT BEFORE EXPIRATION OF THE
   CREDIT.—Where a purchaser at an administrator's sale, which was made on a
   credit, refuses to complete his purchase, and thereby becomes liable for the
   loss sustained on a resale of the property, the administrator is not bound to
   delay bringing his suit for the recovery of such loss until the expiration of the
   credit ; in such a case the action is not on the contract of purchase, but for
   damages occasioned by the failure of the vendee to complete his purchase.

IN error to the Circuit Court of Hinds county.    Hon. John
Watts, judge.

*T. J. & F. A. R. Wharton*, for the plaintiff in error,
Cited, *Miller* v. *Boarman,* 13 S. & M. 100.

*Johnston & Shelton,* for defendant in error,
Cited, Chitty on Contr. 432; Story on Sales, §§ 314, 349, 461;
2 Kent Com. 505; *Sands* v. *Taylor,* 5 John. R. 395.

HANDY, J., delivered the opinion of the court.

The declaration in this case alleges, that on the 2d of July, 1855,
the plaintiff below, as administrator of one Warner, under a decree
of the Probate Court, exposed to public sale to the highest bidder,
on a credit of six months, a slave of the intestate, when the defen-
dant became the highest bidder, for the sum of two hundred and
ten dollars, and the slave was thereupon struck off to him as the
purchaser, but that the defendant afterwards refused to receive the
slave, and to execute bond for the payment of the purchase-money,
according to the terms of sale ; and that the plaintiff thereupon,
in due time, and within lawful hours, on the same day, again ex-

posed the slave for sale, when another person became the highest bidder, at the sum of eighty dollars, and took possession of the slave, and executed bond for the purchase-money. The declaration demands judgment for the sum of one hundred and thirty dollars, the difference between the sum bid by the defendant and that for which the slave was afterwards sold.

The defendant filed a demurrer to the declaration, which was overruled.

The first position taken in behalf of the plaintiff in error is, that the administrator had no further power, than either to treat the sale as valid, and sue the purchaser for the amount which he bid for the property, or to treat the sale as ineffectual and resell the property; and this view seems to be founded on the idea that he has no other powers in relation to his duties, than such as are expressly conferred upon him by statutes and the orders of the Court of Probates. But this view is manifestly untenable. It is true, the administrator derives his powers from his appointment, and is subject to the legal direction of the court, and is bound to conform to such rules of action as are prescribed by the statutes in relation to his duties. But he has many incidental powers, proceeding from his duty to protect the interests of the estate under his charge, and derived from the general rules of law; and generally, he has power to do such acts, in protecting the interests of the estate, as an individual may do with regard to his own property, unless restricted by positive law. One of his primary duties is to sell the chattels of the estate, under order of the court, and to see that the estate suffers no detriment therein, and that all the rights and remedies which the law gives against purchasers should be enforced, unless, from the nature of his office, he is incapable of enforcing them in some particular mode.

It appears to be just, that sales by administrators should have the protection of the same rules which apply to sales at public auction by individuals; and no reason can be perceived, why they should be placed in a worse position. They are a part of the administration of justice of the country, and it would appear that every security known to the law should be thrown around them. The rule has been long sanctioned, in regard to public sales, that where the vendee becomes bound for the purchase, as by having the article

struck off to him as the highest bidder, and refuses to complete the purchase, the vendor may resell and hold the purchaser responsible, in case of a deficiency of the purchase-money upon the resale, for the difference between the two sales. 2 Kent's Com. 504; 5 John. Rep. 395; 5 Serg. &·R. 32; 2 Watts & Serg. 216. And this rule has been applied to sheriff's sales. *Lambkin* v. *Crawford,* 7 Ala. Rep. (N. S.) 153.

The objection, that the administrator should treat the sale as valid and complete, and sue the purchaser for the money, will not bear examination. Such a course could not be pursued without a plain violation of his duty. It could not be taken without a delivery of the property to the purchaser; and he is expressly required by law to sell the property, and to deliver possession only upon receiving bond with surety from the purchaser. He must then deliver the property contrary to law, and have no remedy but against the purchaser, who might become insolvent. Such a rule would work great mischief, and loss to estates, by enabling purchasers to evade the positive provisions of law requiring security on such purchases.

Nor is the administrator bound to treat the sale as void, and resell the property, without remedy against the first purchaser for the loss, occasioned by his failure to complete his purchase. The purchaser has bound himself in law by the contract of purchase; and by his failure to complete it, has acted in bad faith, and caused a loss to the estate, by depriving it of the benefit of the last sum bid before the property was struck off to him. The administrator is entitled in law and good morals, to hold him to his obligation, and to compel him to perform that which he undertook. If he sustains a loss thereby, it is in consequence of his own bad faith, and he has no right to complain. He is not to be permitted to make experiments at official sales, and thereby interfere with their regularity, disturbing the course of administration of the laws, and jeoparding the interests of estates. If he becomes a purchaser of property at such sales, he does so, with all the responsibilities which attach in cases of sales at public auction; and strong considerations of public convenience, render the general rule of law applicable to such cases.

Again; it is objected, that the action could not have been brought

before the expiration of six months, the time of credit allowed to the purchaser by the terms of the sale, as stated in the declaration; and that this action, having been instituted before that time, was premature.

This objection is founded on a misapprehension of the nature of the action. It is not an action to recover upon the contract of purchase, but for a failure of duty to comply with the terms of the contract, in consequence of which, damage ensued to the plaintiff. The right of action, therefore, became complete, so soon as the defendant refused to do his duty, and comply with the obligation he had incurred in bidding off the property at the sale.

We think that the judgment overruling the demurrer was correct, and it is affirmed.