## KELLUMS VS. RICHARDSON ET AL.

A court of equity will decree a specific performance of a verbal contract for the sale of land, where the purchaser has entered into possession and paid the consideration agreed upon.

*Appeal from Mississippi Circuit Court in Chancery.*

S. H. HEMPSTEAD, for the appellant.

Courts of equity have no power or right to decree specific performance of a verbal contract respecting lands, although admitted, *where the statute of frauds is insisted on in the answer.* 1 *Ark.* 417; 8 *N. Hamp.* 9; 9 *Ib.* 385; 1 *A. K. Marsh.* 437; 1 *Bibb* 203.

Neither payment nor possession obtained not in reference to the contract, will be sufficient to take a case out of the statute. 1 *Ark.* 418; 1 *Sch. & Lef.* 40; 2 *Story's Eq.* 760, 763.

WATKINS & GALLAGHER, for the appellees.

In this State, as in almost every other, the rule is well settled that, in equity, part performance takes a parol agreement out of the statute of frauds. *Keatts vs. Rector,* 1 *Ark.* 418; *Blakeney vs. Ferguson et al.,* 3 *Eng.* 272.

Delivery of possession, or the vendee's entry, with the vendor's consent, and the making of valuable improvements, will be such part performance as will entitle the vendee to a specific execution. *Parkhurst vs. Van Courtland,* 14 *Johnson* 15; *Whitmore vs. Whites,* 2 *Caines' Cases,* 87, 109; *Moreland vs. Lemasters,* 4 *Blackf.* 383, 385; *Byrd vs. Oden,* 9 *Ala.* 756, 764; *Finucane vs. Kearney et al.,* 1 *Freem.* 65, 69; *Simmons vs. Hill et al.,* 4

10

*Harris & McHenry* 252; *Newton vs. Swazy et al.,* 8 *New Hampshire* 9, 14; *Keatts vs. Rector,* 1 *Ark.* 418.

In like manner payment of the purchase money and being let into possession are sufficient. *Dugan et al. vs. Gettings et al.,* 3 *Gill* 140, 157; *Thornton vs. Heirs of Henry,* 2 *Scam.* 219, 220; *Shirley vs. Spencer,* 4 *Gill* 583, 600; *Finucane vs. Kearney et al., Freem.* 65, 68; *Lessee of Billington vs. Welsh,* 5 *Binney* 129.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was a bill for the specific performance of a contract for the conveyance of land, determined in the Circuit Court of Mississippi county.

The complainants were *Thomas* and *John Richardson,* minor heirs of Aaron Richardson, deceased, suing by their next friend, *Thomas J. Blackmore.* The defendant was Thomas Kellums, who appealed from the decree of the court below.

The material facts of the case, as they appear from the pleadings and evidence, are that about the year 1840, Aaron Richardson, the father of complainants, entered upon the northwest quarter of section 25, township 13 north, range 10 east, situate in Mississippi county, which was public land, and upon which there was an improvement, which he purchased. That he resided upon, improved and cultivated a portion of the land until about the year 1845, when he left the county, and remained absent for two years. That during his absence, the appellant, who was his step-father, having married his mother, proved up a pre-emption right to the land, and entered it at the government land office, declaring, at the time, that his intention in entering it was to secure it for the use and benefit of said *Aaron,* and to prevent its being entered by some other person. That upon the return of Aaron (with his wife, the mother of complainants, whom he had married while absent,) the appellant informed him that he had entered the land, and promised to make him a title to it, upon his paying to appellant the entrance money, and the expenses necessarily incurred by him in making the entry. That Aaron again entered upon the land

with the consent of appellant (taking possession of his former improvement) and continued to reside thereon improving and cultivating a portion of it, until his death in 1853. That sometime prior to his death he paid to the appellant the entrance money, expenses, etc., by assuming and arranging, to the satisfaction of the parties, a debt which the appellant owed to another person. That after the payment of the money, as aforesaid, the appellant, both before and after the death of *Aaron*, acknowledged himself fully satisfied, and delared his readiness to make the title to him, and to his heirs, according to his agreement, etc., but that he had subsequently neglected and refused to do so.

Although *Aaron Richardson* settled upon and improved the land in controversy, the pleadings and proof fail to show that he brought himself within the provisions of the pre-emption laws, so as to acquire an equitable title to the lands, as against the appellant, who purchased the legal title of the government. For any thing that appears in this case, therefore, the appellant, if he had thought proper to do so, under the circumstances, might have claimed, and retained to his own use, the title which he so purchased.

But the depositions read upon the hearing, conduce to prove, with reasonable certainty, that after he entered the land, and after the return of *Aaron*, the appellant promised to make him a title to it, upon his refunding the entrance money, etc., and that, in consequence of this agreement, Aaron went upon the land, and continued in possession of it, improving and cultivating, until his death, paying to the appellant, in the meantime, and in a mode satisfactory to him, the entrance money, etc., which was a sufficient part performance of the contract to take it out of the statute of frauds, and to entitle the appellees to a specific performance of it, as decreed by the Court below. See *Cain vs. Leslie*, 15 *Ark.* 315; *Morris vs. Peay*, *ante*.

The decree is affirmed.