## WELCH v. HICKS.

COURTS—*When proceedings presumed regular.*—Where the record is silent, or it is not otherwise made to appear, the regularity of the proceedings of the court below will be presumed.

SALES—*When by order of court.*—Under the provisions of the Code, all sales, made by order of a court, should be on credit.

VENDOR'S LIEN—*To enforce, what petition should allege.*—A petition, to declare a vendor's lien and sale, should allege a conveyance or tender of conveyance before suit brought.

APPEAL FROM PRAIRIE CIRCUIT COURT.

HON. JOHN WHYTOCK, *Circuit Judge.*

*E. W. & D. Gantt,* for Appellant.

*First.* The affidavit by the attorney to the bill is not within the purview of *Section* 603 *of Code.*

*Second.* The proof of publication fails to show who "John G. Price" was, which was absolutely necessary. *Saffold vs. Saffold et al.,* 14 *Ark.,* 408.

*Third.* There was no attorney, appointed by the court, to defend for the appellant, as required by law. *Code, sec.* 603, *Sub. Div. First.*

*Fourth.* The court erred in decreeing a sale for cash. *Code, Sec.* 407.

*English & English, and Bronaugh & England,* for Appellee.

*First.* It is no valid objection to the bill, that it does not allege that appellee demanded the purchase money and tendered a deed before suit. *Duncan vs. Clements,* 17 *Ark.,* 279; *McDaniel vs. Grace,* 15 *Id.,* 488; *Lewis vs. Davis,* 21 *Id.*; *Prewitt vs. Vaughan,* 21 *Id.,* 417.

*Second.* The objection, that the affidavit is defective, comes too late. *Code, Sec.* 159; *Gould's Digest, Sec.* 13, *Chap.* 28, and *Sec.* 1, *Chap.* 8; *Saffold vs. Saffold et al.,* 14 *Ark.*

GREGG, J.—The appellee sold the appellant certain lands in

Prairie county, and received part payment and took a note for the remainder, and gave bond for title.

After the note fell due, he filed a bill to have his vendor's lien declared and the lands sold to pay the remainder of the purchase money.

The appellant made default; a decree was rendered for the appellee, from which Welch appealed to this court, and he assigns as error that the bill was verified by the attorney's affidavit, and the publication of notice by John G. Price's affidavit; that the court failed to appoint an attorney for the appellant, and rendered a decree of sale for cash in hand.

To the first objection it is sufficient to say it comes too late in this court. *Sec.* 159, *Civil Code.*

If the court did not judicially know the journal made official by law, the record states that it appeared to the court that the notice had been duly published; that would raise a sufficient presumption that that court had found the publication duly proved and defeat such objection here; as a further answer, the Code does not prescribe the manner of making proof of publication, and the law specifies in which it shall be made, which differs from the former statute.

Where the record is silent, the presumption is that the court below, or the clerk of that court, appointed for one constructively notified, and hence the third objection is valueless, unless the record affirmatively showed that no attorney was appointed. Lastly it is urged that the court ordered the lands sold for cash, when they should have been sold on time. Under the head of "Judgments in general," *Sec.* 405 of the Civil Code declares, "It shall not be necessary, in any action upon a mortgage *or lien*, to enter an interlocutory judgment * * * but final judgment may be given in the first instance." *Sec.* 406 declares, upon a foreclosure of a mortgage, a sale shall be ordered. *Sec.* 407 declares, that "Sales of personal property, made by order of court, shall be on a credit of three months; sales of real property on a credit of not less than three nor more than six months, or on installments equivalent to not

more than four months credit; the whole to be determined by the court," etc. *Sec.* 408 declares, that "In an action on a mortgage *or lien,* the judgment may be rendered for the sale of the property and for the recovery of the debt against the defendant personally." These provisions being enacted under the general head above stated, and *Secs.* 405 *and* 408 expressly embracing *other liens* as well as mortgages, and *Sec.* 407 declaring in general terms that *sales of real property, made by order of court, shall be on a credit,* etc., we are of opinion the legislature intended no exception to the rule, but that all sales, by order of court, should be on a credit. The petition, in this case, does not allege a conveyance or an offer to convey the land before suit brought, and the court are of opinion it falls within the ruling in the case of *Wakefield vs. Johnson, Adm'r,* 26 *Ark.,* 506.

The decree of the court below is reversed, the cause remanded with directions to allow the plaintiff to amend his petition to show. an offer to convey before suit, and if he cannot so amend, that his petition be dismissed without prejudice.