### AUGUST CAMPE *v.* MATHILDE P. SAUCIER.

1. JUDICIAL SALE OF LAND.  *Price; when demandable.*
   In a judicial sale of land, though for cash, the amount bid by the purchaser is not demandable until after confirmation by the court.

2. SAME.  *Refusal to pay bid. Duty of commissioner.*
   On a refusal to pay at such sale, the commissioner should report the facts and let the court deal with the buyer, which it has power to do.

3. SAME.  *Resale. Deficiency in price.*
   When the purchaser refuses to pay and the commissioner advertises and resells at a lower price, and reports all the facts to the court, the last sale being confirmed, the bidder at the first sale is not liable for the difference in price.

FROM the circuit court of Hancock county.

HON. S. H. TERRAL, Judge.

Under a decree of the chancery court of Hancock county in partition proceedings, a commissioner was appointed to sell certain lands situated in said county at public outcry for cash, in order to divide the proceeds among the owners. He advertised the lands

in accordance with the terms of the decree, and on the day fixed offered the same for sale at public outcry as directed, when the appellant, Campe, bid therefor the sum of $9676, and the lands were struck off to him, and he was declared the purchaser. He refused to pay his bid. The chancery court was then in session. The commissioner did not then make a report to the court, but after waiting several weeks, without obtaining any other order, he readvertised the lands and they were again offered for sale, when other persons bid them in for the sum of $7293. No deed was tendered to Campe, nor was he cited to appear and show cause why he refused to comply with his bid, or why a resale should not be made at his risk. But the commissioner reported his action to the next term of the court, setting forth the facts as to the first sale, the refusal of Campe to pay his bid, the readvertisement, and the second sale at a reduced price.

Thereupon the court, on motion of complainant in the suit, confirmed the last sale, and directed deeds to be executed to the purchasers. The original owners of the land then brought this action against Campe to recover $2383, the difference between his bid and the price obtained on the last sale, together with expenses of the resale.

Among other things, the defendant pleaded that the action of the commissioner in reselling the lands was unauthorized, and that confirmation of the last sale released him from all liability. On the trial the above facts were shown. The court instructed the jury in favor of plaintiffs' right to recover. Verdict and judgment for plaintiffs, from which defendant appeals.

*Elliott Henderson,* for appellant.

There was no obligation imposed upon the appellant to comply with his contract until it was shown that all the requirements of law under the chancery proceedings had been complied with. This was a chancery, and not a probate proceeding under § 2353, code 1880. On failure of Campe to pay his bid, it was not for the commissioner to assume to set aside the sale, but the facts should have been reported to the court for it to determine whether Campe should be held to his bid. Without this necessary action on the

part of the commissioner and the court, the appellant could not be held liable. 2 Daniell's Ch. Prac. § 1282 and notes.

If the sale was invalid, Campe could not be held; if valid, it could not be set aside except by the court. The commissioner should have reported the sale, and the fact that Campe refused to comply with his bid. Thereupon the court would have either ordered the deed made and compelled him to complete his purchase, or would have ordered the property resold at his risk. The sale is to be made by the court and not by the commissioner. *Learned* v. *Matthews*, 40 Miss. 210.

In ordinary sales the contract is complete when the agreement is signed, but the rule is different in respect to judicial sales, in which the purchaser is entitled to nothing until confirmation. 2 Daniell's Ch. Pr. §§ 1275, 1276, 1281 and notes; 1 Sugden on Ven. p. 58; *Vesey* v. *Elwood*, 3 D. & W. 74; *Swofford* v. *Garmon*, 51 Miss. 348; Rorer on Judicial Sales, § 399. Until confirmation, the purchaser is not liable for loss by fire or otherwise, nor is he compellable to complete his purchase. 2 Daniell's Ch. Pr. 1275, 1276; 1 Sugden on Ven. p. 60; 11 Veasy, 559; 1 Coldw. 116; 4 Abb. N. Cas. 193, 200.

Without confirmation, the purchaser cannot be held liable for a deficiency in price on resale. 2 Daniell's Ch. Prac. 1282 and notes.

Nor does any title pass until the sale is confirmed. 3 S. & M. 326; 24 Miss. 62; 26 Ib. 646; 38 Ib. 100; Freeman, Ch. Rep. 265; 2 S. & M. Ch. Rep. 518; 4 S. & M. 210; 1 Sug. on Vend. 66.

As the court did not order a resale of the lands at Campe's risk, after giving him notice, he is not liable for the deficiency arising on a resale. Rorer on Jud. Sales, §§ 123, 156, 157, 578, 579, 589.

The chancery court had ample power to compel compliance with the sale, if it was valid. Rorer on Jud. Sales, 159; *Learned* v. *Matthews, supra;* Freeman on Void Judgments, § 43.

*T. S. Ford* and *E. J. Bowers*, for appellee.

1. Appellant is alone liable for the failure to confirm the sale. He refused to comply with his bid, and cannot now urge his own wrong as a defense to this suit.

2. The action of the commissioner in readvertising and selling

the land was proper.    2 Daniell's Ch. Prac. § 1282 ; Rorer on Jud. Sales, 154 ; 12 Am. & Eng. Enc. Law, 233, 234 ; *Hutton* v. *Williams*, 35 Ala. 503 ; *Gaultney* v. *Nolan*, 33 Miss. 569 ; Ih. 566.

Both sales were reported to the court, and the action of the commissioner was confirmed.   He had ample power to make a resale without any further order, as was expressly decided in *Gaultney* v. *Nolan*.   We submit that the authorities cited by opposite counsel do not sustain the proposition for which they contend.   The judgment should be affirmed.

CAMPBELL, J., delivered the opinion of the court.

This case presents several questions, but as one of them is decisive of the controversy, we confine our examination and decision to it.    Did the commissioner for the sale of the land have the right to resell it as he did, and is Campe liable in this action for the difference in what the land was bid off for at the first sale and the second ?    The efforts of counsel and ourselves have failed to produce a single precedent for such an action.    The nearest approach to it is *Mount* v. *Brown*, 33 Miss. 566, cited by counsel for the appellee.    That is an action by an administrator, who sold a negro at public outcry, and upon the refusal of the highest bidder to comply with the terms of the sale, immediately resold to the highest bidder, and sued the first-mentioned bidder for the difference between his bid and the lower price for which the property went on the resale, and he was held to be entitled to recover.    We would follow that case upon a similar state of facts, but the case before us is widely different, resulting from the difference between real and personal property and the modes of dealing with them.    The settled doctrine in this state, as elsewhere, with respect to judicial sales of land, such as this was, is that the court is the vendor, through the commissioner as its representative, and that the sale is not complete until it has been confirmed by the court ; and from this it results that the money, where the sale is for cash, is not demandable until confirmation of the sale by the court.    Until then, no conveyance should be made to the purchaser, who must be ready to fulfil his contract when the court confirms the sale, and has

until then to do it.    *Tooley* v. *Gridley*, 3 S. & M. 493 ; *Sanders* v. *Doweth*, 7 Ib. 206 ; *Gowan* v. *Jones*, 10 Ib. 164 ; *Henderson* v. *Herrod*, 23 Miss. 434 ; *Coulter* v. *Herrod*, 27 Ib. 685 ; *Mitchell* v. *Harris*, 43 Ib. 314 ; *Redus* v. *Hayden*, 43 Ib. 614 ; *The State* v. *Cox*, 62 Ib. 786 ; 2 Dan. Ch. Pl. & Pr. *1274 *et seq. ;* 12 Am. & Eng. Enc. of Law, p. 219 ; *Cruikshank* v. *Luttrell*, 67 Ala. 318.

The course for the commissioner was to report to the court the sale he made, and to let the court deal with the buyer, for which it had ample power.    2 Dan. Ch. Pl. & Pr. *1281 ; 2 Jones on Mortgages, § 1642 *et seq. ;* 69 Amer. Dec. 369.    As this course was not pursued, but the commissioner readvertised and resold the land, and reported his action to the court, which, with information by the report that the land had been bid off by Campe, who refused to stand by his bid, ratified and approved the resale by the commissioner, the sale to Campe must be held to have been abandoned before its consummation, and no action is maintainable against him by reason of his bid.    He was not in default.

The case of *Hutton* v. *Williams*, 35 Ala. 503, cited by counsel for the appellee, shows that the sale was duly reported to the court, which ratified the sale, and directed a resale of the land on the terms of the first sale, at the risk of the party who was the highest bidder at the first sale, and had refused to comply with the terms of sale.    That case is an authority for what we regard as the correct practice in such cases.

In a note to *Mount* v. *Brown*, 33 Miss. 566, on p. 369 of 69 Amer. Dec., it is laid down that, besides the modes of enforcing the bidder's liability by the court making the sale, there are two remedies at law, and that an action at law may be brought upon the purchaser's notes or bonds given for the payment of the purchase-money, and that the "officer of the court who makes the sale may sue at law to recover the amount bid, or the deficiency arising upon a resale, for the remedy in equity to compel by summary process the purchaser to complete his purchase or pay the deficiency on a resale, is cumulative, not exclusive," and *Townshend* v. *Simon*, 38 N. J. L. 239, *Shinn* v. *Roberts*, 20 Id. 435, and two Louisiana cases, are cited in support of the last-mentioned proposition.

There can be no dispute as to the other, viz : that an action at law is maintainable by the payee of a note or bond, but the cases cited for the last do not decide anything more than that the officer who made a sale upon the condition in writing, among others, "that if the purchaser fail to comply with the conditions of sale the property would be resold, and the former purchaser held liable for all losses and expenses," etc., could maintain an action against one who bid off the property, and signed at the foot of the conditions of sale a written acknowledgment of his purchase, and afterwards refused to complete the purchase by accepting a deed and paying the purchase-money, to recover the difference between his bid and the price realized at the second sale, etc.

This is merely to assert that one of the parties to a written contract may sue the other for its breach, to which we assent; but the cases cited do not maintain the right of action in the case we are considering. The cases cited as being in the Louisiana reports rest upon statutory regulations, and may be laid out of view. In 12 Am. & Eng. Ency. of Law, p. 234, is the same statement found as in 69 Am. Decisions, and quoted above, and the case of *Townshend* v. *Simon, supra,* cited, upon which we have already remarked.

It may seem incongruous to sustain an action by a sheriff, or an administrator, in the state of case disclosed by *Mount* v. *Brown,* 33 Miss. 566, or upon the facts in the New Jersey cases, and to refuse to do it in the state of case here presented ;. but it is a corollary from the established doctrine in this state, and in other states and in England, that a sale like this is not complete until confirmation, and until then there is no right in the person selling to complete the sale by demanding the money, and making a conveyance, and therefore there was no default by Campe, and the subsequent action of the commissioner and the court precluded his being put in default, and thus he escaped all liability.

There is no advantage in having a right to sue at law for a difference in bids, as in *Mount* v. *Brown, supra,* because the power of the court making the sale is ample to enforce any liability of the bidder, if he is solvent, and, if he is not, a recovery against him at law would be fruitless, except to impose cost on the party suing.

*Reversed and remanded.*