STONE, ET AL VS THACKER, ET AL.

Opinion delivered April 5, 1901.

*1. Chattel Mortgages—Foreclosure Sales—Must be on Credit.*

Mansf. Dig. Sec. 5171 (Ind. Ter. Stat. Sec. 3376) provides that sales of personal property made by an order of court shall be on a credit of three months. Hence, an order of sale granted in proceedings to foreclose a mortgage on personal property which requires the property to be sold for cash, is invalid.

Appeal from the United States court for the Southern district.

C. B. KILGORE, Judge.

Action by W. S. Thacker and another against C. H. Stone and others. Judgment in favor of plaintiffs. Defendants appeal. Reversed.

Appellees, W. S. Thacker and D. Applegate, as plaintiffs, on the 6th day of January, 1897, filed their suit in the United States court in and for the Southern district of the Indian Territory at Chickasha to foreclose a mortgage against certain gin property described in the complaint, praying for a foreclosure of a mortgage, and for an order of court to sell same. That at the February term, 1897, of said court, said cause was tried, and judgment therein rendered for appellees herein against C. H. and P. H. Stone for the sum of $404.50, with interest thereon from November 1, 1896, at 6 per cent. per annum, and all costs of suit, and a foreclosure of a mortgage lien against one 30-horse power boiler and one 25-horse power engine, Atlas make, with all shaftings, belts, pulleys, and fixtures belonging thereto; one grist mill, Coleman make; two Winship gin stands, 60

saw each; and one gin house, containing said property, on the south side of road leading from Marlow, Ind. T., about one-fourth mile east of the town of Marlow, Ind. T.; and said property was ordered to be sold for cash to the highest bidder. That on the 9th day of July, 1899, appellants herein prayed for, and a writ of error was granted by the Honorable William H. H. Clayton, chief justice of the court of appeals for the Indian Territory, and the cause was ordered to be sent to this court on writ of error.

*J. H. Harper*, for appellants.

*Proctor, Cruce & Williams*, for appellees.

GILL, J. Appellants raise but one matter in their specifications of error, viz. that the court below erred in making an order requiring the mortgaged property to be sold for cash, instead of on a credit for three months, claimed to be required by section 5171, Mansf. Dig. (section 3376, Ind. T. Ann St. 1899). Said section reads as follows: "Sales of personal property made by order of court, shall be on a credit of three months. * * * In sales on credit the purchaser shall execute bond with good surety to be approved by the person making the sale, which bond shall have the force of a judgment." This section has been construed in Welch vs Hicks, 27 Ark. 292, and the court holds that the statute means just what it says, that "sales of personal property made by order of court shall be on a credit of three months," and that sales made in any other way are invalid. The cause is reversed and remanded, with directions that the judgment of the court below be modified so that the sale may be made according to law.

CLAYTON, C. J. and THOMAS and TOWNSEND, JJ., concur.