MASON v. ATKINS.

Opinion delivered January 7, 1905.

SPECIFIC PERFORMANCE—ENFORCEMENT.—In the absence of any proof of a rescission, it was error to dismiss a bill in equity seeking for specific performance of a contract of sale of land, upon proof that part of the purchase money remained unpaid, without affording plaintiff an opportunity to perform the obligations of his contract.

Appeal from Monroe Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Reversed.

## STATEMENT BY THE COURT.

This is an action for specific performance by Victoria Mason to require Peter Smith to make her a deed to a certain fifty-acre tract of land for which she held bond for title. For this land she was to pay Peter Smith the sum of $1,000. She paid $400, and executed four notes for the remainder of the purchase money in the sum of $150 each, bearing 10 per cent. interest. The first note was payable on the 1st day of January, 1892, the second on the 1st day of November, 1893, the third on the 1st day of January, 1894, and the fourth on the 1st day of January, 1895.

The plaintiff alleged that there were between thirty-five and forty acres of land in cultivation in the tract, and that Smith, her vendor, had been in possession of the land for nine years, collecting rents on same. "That she (Victoria Mason) and her son and hired hands had been working for Smith ever since the purchase of the lands, and made share crops on the Smith place, which Smith got, with the understanding that her interest in all of said crops was to go on the payment of her said lands. That, counting the $1,800 for rent for nine years, the $400 of cash money paid, and labor that she had performed for Smith in person, and from her son as well as hired hands, that she has paid the said Smith more than twenty-five hundred (2,500) dollars from the date of purchase of said land to the date of the bringing of this suit. She tendered the bond for title in court, and asked that the four notes be surrendered her which Smith had, and that he be required to give her title according to equity in such cases.

The answer denied all the material allegations of the bill, and set up that plaintiff had taken possession of the land when the sale was made, and had occupied and collected rents for same until the year 1897, when she voluntarily surrendered possession of the land to the defendant, being unable to pay balance of the purchase money. He set up that he had furnished plaintiff a

home and team and tools to cultivate the lands mentioned in the complaint. He claims that he made certain improvements on the land which he specifically named by his cross complaint, and asks that he be paid for these in the event the land was given to plaintiff. He denies payment; makes the notes exhibits. ·

There was a reply, denying the allegations of the cross complaint, and setting up that plaintiff had worked on defendant's farm, and that she had made the improvements on the land purchased herself, or had worked for defendant sufficiently to pay for same.

The court upon the pleadings, exhibits and proof in the cause rendered the following decree: "This is a suit for the specific performance for title, based upon a bond for title, as set forth in the complaint of the plaintiff, to a certain fifty-acre tract of land. The court finds that the covenants in said bond for title have not been complied with by the plaintiff, and that the purchase money has not been paid, and that the burden of proof as to the payment of the balance of purchase money was on the plaintiff, and that she has failed to establish that she has paid the purchase money notes for said fifty-acre tract of land, and that the plaintiff failed to tender and bring the unpaid purchase money into court. The court doth therefore dismiss the complaint of the plaintiff. It is therefore ordered, decreed and adjudged that the defendant have judgment, and have his costs herein expended, for which sum execution may issue, and that the complaint of plaintiff be dismissed."

*H. A. & J. R. Parker,* for appellant.

Every agreement whereby an interest in land is modified, increased or diminished is within the statute of frauds. 56 Ark. 139; 29 Mich. 132; 34 Mich. 519; 57 Miss. 594; 60 Miss. 388; 40 Ark. 382.

*Thomas & Lee,* for appellee.

A vendee under bond for title cannot require the vendor to make a deed without paying the purchase money or making a tender of the same. 33 Ark. 340; 44 Ark. 197; 26 Ark. 506; 27 Ark. 292; 43 Ark. 163; 38 Ark. 78; 27 Ark. 235; 80 S. W.

574; 40 Ark. 382; 55 Ark. 73. Whether or not specific performance will be decreed rests in the discretion of the court. 49 N. E. 486; 45 S. W. 275; 73 N. W. 765.

WOOD, J., (after stating the facts.) The question as to whether the purchase money had been paid was purely one of fact, and the testimony bearing on this issue is somewhat voluminous. Upon a careful consideration of it, we are of the opinion that the finding of the chancellor in favor of the defendant on this point is not clearly against the weight of the evidence. But, notwithstanding this finding, we are of the opinion that the court erred in dismissing appellant's complaint because she had failed to pay purchase money, and because she had failed to tender and bring the unpaid purchase money into court. The plaintiff was insisting that the purchase money had been paid. It was clear from the proof of credits on the notes that some of the unpaid balance, after the first payment of $400, had been paid. Plaintiff was contending that if she had received proper credits for all she had paid, the notes would have been fully paid. The defendant, on the other hand, was insisting that the balance of the purchase money had not been paid, and that she had surrendered the place back to him.

In view of the fact that plaintiff still held the bond for title, and that the defendant was still in the possession of the notes when the suit was brought, and inasmuch as there was no written evidence of a rescission of the contract of sale, we cannot find that a rescission had been made. The chancellor therefore should have ascertained the amount remaining due on the purchase money notes, or referred the matter to a master for that purpose, and given the appellee an opportunity to pay such amount, and then, if she failed to make such payment, or tender same, her bill should have been dismissed.

It is true that in cases of this kind the vendor and the vendee have reciprocal obligations, and each must be willing to perform the contract before relief can be obtained in equity. *Atkinson v. Hudson,* 44 Ark. 197. It is also true that a party seeking to enforce specific performance must allege a performance of the contract on his part, or a readiness to perform. *Jordan v. Deaton,* 23 Ark. 704. But here performance was alleged on the part of plaintiff and a refusal to perform on the part of defendant. In such case the court, before dismissing plaintiff's bill

upon finding that he has not performed his part of the contract as alleged, should give him an opportunity to perform by paying the purchase money or performing such other obligations as are called for by this contract at the time the other party is required to perform. *Wakefield* v. *Johnson,* 26 Ark. 506; *Welch* v. *Hicks,* 27 Ark. 292; *Walker* v. *Jessup,* 43 Ark. 163; *Bell* v. *Green,* 38 Ark. 78.

The decree is therefore reversed for further proceedings not inconsistent with this opinion.