FRITZ v. WELLS.

Opinion delivered May 27, 1907.

VENUE—CHANGE OF—PAYMENT OF CLERK'S FEES.—Under Kirby's Digest, § 8000, providing that if the clerk's fees be not paid or arranged on a change of venue, "the order shall be null and void," the court to which the venue is changed acquires jurisdiction upon the filing of the transcript where the clerk waived the prepayment of his fees.

Original application for mandamus; writ denied.

*George W. Norman,* for appellants.

PER CURIAM. This is a petition by Fritz Brothers for the use of L. P. Thomas for a mandamus against the Hon. Henry W. Wells, Circuit Judge, requiring him, as Judge of the Ashley Circuit Court, to set down for hearing and to hear a case pending in said court wherein the said Fritz Brothers for the use of said L. P. Thomas are plaintiffs and R. J. McBride and Henry F. Bailey are defendants. This case had once been tried, and on appeal was reversed. *Bailey* v. *Fritz,* 75 Ark. 464.

Upon remand of the case to the circuit court, it was continued for a term or two, and then a motion for a change of venue was filed by the defendants and granted, and the case transferred to Bradley County, and set for a certain day of the January, 1907, term of the Bradley Circuit Court, and the

January term thereof lapsed without a transcript of the record and the papers being sent there. The January term of the Ashley Circuit Court was largely occupied with criminal business, and little civil business was disposed of, and the court adjourned until April 29, 1907. On a day of said adjourned term, Fritz Brothers filed a motion therein alleging that the change of venue in said cause had not been perfected, and that the term of the Bradley Circuit Court in which the case had been set had long since passed, and prayed that the order of change of venue be declared void and the cause be set down for a day of the August term of the Ashley Circuit Court. This motion was overruled, and the clerk ordered to transmit the papers with a transcript of the orders of record to the Bradley Circuit Court for the August, 1907, term.

Petitioners take the position that the Bradley Circuit Court has lost jurisdiction, and that the Ashley Circuit Court retained jurisdiction of said cause, and pray that the judge of the Ashley Circuit Court be required to hear and determine said cause in the said Ashley Circuit Court.

The evidence of the clerk, taken upon the hearing of the above-mentioned motion, shows that the reason the transcript was not made out and the papers not transmitted to the Bradley Circuit Court was because he was expecting one of the attorneys for Fritz Brothers to assist him in making out the papers, and that that was not done, and that the non-payment of fees was not a factor in the matter. He always performed whatever services were required in cases where the attorney for the defendants desired him to, and rendered his bills therefor to said attorney, who promptly paid them, and he knew that his fees would have been paid in this case. The arrangement between the clerk and the attorney seemed to have covered this case as well as others, and the non-payment or failure to arrange for the fees, as required by section 8000 of Kirby's Digest, was not the cause of the failure to make the transcript and transmit the papers to the Bradley Circuit Court as required by the order of court.

It was decided in *Haglin* v. *Rogers,* 73 Ark. 491, that the payment of fees within fifteen days was not necessary in order to confer jurisdiction upon the court to which the

change had been taken, that this provision was one for the protection of the clerk, and was not jurisdictional. This decision has been acquiesced in by bench and bar for twenty-six years. Petitioners now ask the court to adopt the contrary view, which was strongly presented in said case by Chief Justice ENGLISH in his dissenting opinion. The court will not overrule said decision, but will adhere to and follow it. Jurisdiction is determined by the order of court and the possession of the transcript of the record. *Lee* v. *State,* 73 Ark. 148; *Haglin* v. *Rogers,* 37 Ark. 491.

The cause seems to have been neglected and in a fair way of dying between courts; but such neglect will not defeat the jurisdiction of the Bradley Circuit Court when perfected by filing of the transcript, papers, etc., therein. It was right for the circuit judge to direct the cause to be sent where it belonged, and its trial should proceed there.

Petition for mandamus denied.