## WEBB v. MARLAR.

### Opinion delivered July 1, 1907.

1. STATUTE OF FRAUDS—PART PERFORMANCE.—A court of equity will decree specific performance of a verbal contract for the sale of land where the purchaser has entered into possession and paid the consideration agreed upon. (Page 342.)

2. APPEAL—FINDING OF CHANCELLOR—PREPONDERANCE OF EVIDENCE.— Where, in a suit for specific performance, plaintiff alone testified that the verbal agreement between himself and defendant was that he should pay defendant a sum named without interest, and defendant and two other witnesses of equal credibility testified that the agreement was that plaintiff should pay ten per cent. interest, a finding of the chancellor that no interest was to be paid will be set aside. (Page 343.)

Appeal from Union Chancery Court; *Emon O. Mahoney,* Chancellor; reversed.

*Bunn & Patterson,* for appellants.

1. It was error to hold that the contract bore no interest. When no interest is agreed upon, the rate is six per cent. Art. 19, § 13, Const.

2. No items should have been allowed as credits alleged to have accrued after the institution of the suit. 21 Ark. 137; 15 Ark. 315; 21 Ark. 110.

3. "A suit for specific performance of a contract for the sale of land can not be maintained by the purchaser, unless he shows that he has paid the purchase price, or tendered it to the vendor before the commencement of suit, or shows a good excuse for his failure to make such payment or tender, and avers his ability, readiness and willingness to pay." 4 Am. & Eng. Ann. Cas. 849.

*W. M. Van Hook,* for appellee.

1. The chancery court, having rightfully assumed jurisdiction of the case for certain purposes, will grant complete relief. 75 Ark. 52.

2. Where a verbal contract for the sale of land has been fully performed by the purchaser, specific performance will be decreed, if a failure to perform will operate as a fraud. 1 Ark. 391; 15 Ark. 315; 19 Ark. 50. And where the purchaser has entered into possession and paid the consideration. 21 Ark. 137.

3. If it be conceded that appellee has not fully paid the purchase price, the case should not be dismissed without giving plaintiff an opportunity to perform his contract. 73 Ark. 491.

HILL, C. J. Marlar brought suit against his father-in-law, J. L. Webb, and his brother-in-law, Shuler Webb, to require J. L. Webb to make him a deed to land which he had verbally sold him, and to cancel a deed which J. L. Webb had made to Shuler Webb. The plaintiff alleged that he had gone into possession of the land under a verbal contract, and that he had paid the purchase price, giving the dates of payments; and, in fact, had overpaid the purchase money by the sum of $60.44. J. L. Webb admits the parol sale of the land, but takes issue with the amount of payments, and alleges that he has paid, at the instance of Marlar, for labor and material to be used on the land, $100, and paid taxes upon the land to the amount of $22.08, which, together with other items including interest, amounted to $446.43, which Marlar owed him. That before the final payment was due Marlar abandoned possession of the land, and he, Webb, was compelled to take possession of the same to save it from waste; and that he subsequently sold the land to Shuler Webb, and executed a deed to him.

The chancellor found that there had been a parol sale of the land for the sum of $182.50 without interest, and, after allowing Webb's claims for taxes and all other credits which the proof established that Marlar had paid him $185.66, the same being more than the purchase price thereon; and he further found that the Webbs were indebted to Marlar in the sum of $30 for the rent of the place after they took possession, and he gave judgment in favor of Marlar for the land and $30, and cancelled the deed to Shuler Webb, and required J. L. Webb to make a deed to Marlar; and upon the failure of Webb to do so a commissioner was appointed with power to make the same. The Webbs have appealed.

The court is unable to say that the findings of fact by the chancellor are unsustained by a preponderance of the evidence except as to one matter, which will be referred to later. It would not be profitable to review the details of the evidence.

Appellants urge that appellee was not entitled to specific performance because he failed to show that he paid or tendered the purchase price before the commencement of the suit, and failed to show a good excuse for not so doing and to aver ability and readiness to pay. Appellee claimed that he had overpaid the purchase price, and this the appellants denied, and went to trial upon that issue; the chancellor found, after settling accounts between them, that he had paid more than the purchase price. It was proper to settle all these matters in the suit. *Norman* v. *Pugh,* 75 Ark. 52. But if he had not paid it in full, under the decision in *Mason* v. *Atkins,* 73 Ark. 491, it would have been error for the court to have dismissed his suit without giving him an opportunity to perform his part of the contract. In that case performance of the contract was alleged by the plaintiff, and refusal to perform by the defendant; and defendant denied plaintiff's performance. But there the chancellor found that the purchase price had not been fully paid. The court said: "But here performance was alleged on the part of plaintiff and a refusal to perform on the part of defendant. In such case the court, before dismissing plaintiff's bill, upon finding that he had not performed his part of the contract as alleged, should give him an opportunity to perform by paying the purchase money or performing such other obliga-

tions as are called for by this contract at the time the other party is required to perform." Citing many cases.

It has long been established that a court of equity will decree a specific performance of a verbal contract for the sale of land, where the purchaser has entered into possession and paid the consideration agreed upon. *Kellums* v. *Richardson,* 21 Ark. 137.

Applying the principles of these decisions to the case at bar, it is apparent that the statute of frauds was satisfied in this case; and if the evidence failed to sustain the plaintiff's allegations as to the payment of the purchase money, yet if there were payments and a *bona fide* contention of full payment, the court should not dismiss until it could be ascertained whether the purchase price had been paid; and, if not, an opportunity given to pay it. In this instance it was found to have been paid.

There is, however, one matter upon which the preponderance of the evidence seems to be against the finding of the chancellor. Marlar testified that his contract was to pay $175 for the property, and have his own time in which to pay for it, and that he was not to pay any interest. On the other hand, Webb testified that the land cost him $175, and that he had to pay $7.50 interest in order to clear it of a mortgage, making its total cost to him $182.50, and it was the cost of it to him that Marlar was to pay. The chancellor found that the consideration was $182.50. Webb also testified that it was agreed that Marlar should pay ten per cent. interest and have four years in which to make his payments, paying the amount out in four annual installments, in such payments as he could conveniently make each year. He testified that this was a verbal agreement made at his fireside, in the presence of his family. In this Webb was corroborated by two of his sons; while Marlar's testimony is that he and Webb made the contract alone and at another time than that mentioned by Webb. There is no impeachment of the character of any of these witnesses. They all appear of equal credibility, and the testimony given by one is as reasonable and consistent as that given by any of the others. There is no reason why the preponderance of the testimony should not lie with the number of witnesses.

As a contract for ten per cent. interest must be in writing to be binding as a contract, the only value of this verbal contract is to show the intention of the parties that the interest should be paid, and to refute Marlar's testimony that there was an agreement that interest would not be exacted. Unless there was a positive agreement that there would be no interest, six per cent. would run by operation of law. And, as indicated, the preponderance is against Marlar's testimony that there was to be no interest charged.

Therefore the decree is reversed and the cause remanded, with directions to modify the decree so as to charge Marlar with interest at the rate of six per cent. from the time of his purchase. In all other respects the decree is correct; but on account of this error it must be reversed and remanded, and it is so ordered.