BRYANT *v.* HILL.

Opinion delivered October 22, 1928.

*Strait & Strait* and *J. A. Eades*, for appellant.

*Dean, Moore & Brazil*, for appellee.

MEHAFFY, J.   This is a suit begun by R. E. Hill, in the chancery court of Conway County, against T. F. Bryant, and he alleged that, as administrator, he procured an order of the probate court to sell lands belonging to the estate of F. O. Stobaugh, describing the lands, and that, as directed in said order, he offered for sale the lands described in the petition, and that the appellant offered and bid $3,550 for said lands.   It is alleged that the administrator executed and delivered to Bryant a deed, after the expiration of three months, copy of said deed being filed with the complaint, marked Exhibit E.

Bryant answered, denying all the material allegations in the complaint.   The facts are substantially as follows:

A petition was presented to the probate court to sell certain lands described in the petition.   The administrator was ordered to sell said lands, and did offer them for sale, and T. F. Bryant became the purchaser, and afterwards discovered that the lands were not properly described, and that, for that reason, he was unable to borrow money by giving a mortgage on the land. Thereafter there was a second sale ordered and second petition, and Bryant again became the purchaser for the

same price. He then applied for a loan of $2,200, and the party to whom he applied was unwilling to lend more than $1,700.

Bryant contends that his bid was conditional; that at the first sale he agreed to take it at the price bid, provided he could borrow the money he desired to borrow. He contends that at the last sale he did not bid, but argues that the agreement to purchase was conditional, and that it was not to be binding on him unless he could borrow the amount of money he wished, $2,200, and he refused to pay, and this suit is brought to collect the price which the administrator alleges Bryant bid.

Appellant says there are two questions to be determined. Appellant contends, first, that there was a tentative understanding between appellant and Hill that the deal was conditional if he could procure a loan of $2,200, then he could finance the remainder of the purchase money, and take the place; otherwise the deal was off.

There was a conflict in the evidence as to whether this deal was conditional, the administrator testifying not only that it was not, but that he offered to arrange the terms satisfactory to Mr. Bryant. The proof also shows that, although Mr. Bryant says he did not bid, immediately after the sale he went to Mr. Vance's office for the purpose of securing a loan.

The chancellor found against appellant. The evidence is conflicting, and we cannot say that the finding of the chancellor on this proposition was against the preponderance of the evidence.

It is appellant's next contention that the administrator failed to show that the sale was reported and approved by the probate court, and calls attention, first, to the case of *Bell* v. *Green*, 38 Ark. 78. In that case the court said: ''But we are not to presume that the sale in this case had been confirmed. If it had been, the complaint should have so alleged. Until confirmed, it was not completed or binding, and conferred no right to the property to the purchaser, or at least to the interest that

Andrews' estate had in it; and he might call in question its validity. And it could not be known, though he brought the money into court, that he would ever be able to get a title.''

The court then cites the case of *Wells* v. *Rice,* 34 Ark. 346, and appellant also relies on this case. Among other things, the court said in that case: ''No evidence whatever was offered that the sale had been confirmed, or that it had ever been reported to the court; consequently no title could be established in the defendants through the deed. Although therefore it may not have been necessary for the plaintiffs to have shown that the debt was paid, evidence of such fact was not improper, and could not have prejudiced the defendants.''

These cases sustain the contention of appellant that the sale must have been reported to the court and confirmed by the court. It is not contended that the complaint does not allege these facts, but it is contended that there is no proof tending to show that the sale was confirmed by the probate court.

While it is necessary, in case of sales made by an administrator under order of the probate court, that the probate court should confirm the sale, and necessary that proof of this fact be made, it is not necessary that the proof be direct and positive, but it may be shown by circumstances. It may be shown by any evidence which tends to show that the sale was confirmed by the probate court. The judge of the probate court was a witness, and testified in the case.

The administrator testified that Bryant bid the $3,550; was trying to get a Federal loan to help pay for the land, and that he arranged the terms of payment satisfactory to Mr. Bryant. That Bryant never made any excuse to him for not accepting the Federal loan other than that his wife would not sign the papers; that he had been ready and willing at all times to perform his part of the contract in regard to the sale of the lands; that the deed and abstract had been brought down to

date, and everything fixed ready to close the deal up, and everything signed by the court and ready to close up.

We think that the fact that the judge was present and testified; that the administrator testified that everything was signed up by the court; the fact that Bryant was making an effort to get a loan, and the fact that he took and retained possession of the property, are sufficient to show that the provisions of the law were complied with, and that the sale was made as contended by the appellee, and was approved by the court.

The probate judge testified that, at the first sale, Bryant purchased the land for $3,550, and that it was resold on account of an error in the description. He also introduced a statement signed by Bryant himself, which was as follows: ''I hereby agree that, if the administrator will resell said property purchased by me, perfect the title so that the loan company will accept the deed and title, I will repurchase the property for the sum of $3,550.''

We think this clearly shows that he not only purchased it at the first sale, but he agreed to repurchase it; the circumstances show that he would repurchase it, and the defect in the title was merely a misdescription, and the proof conclusively shows that the title was perfect.

This court has several times held, however, that an administrator's sale to raise money to pay debts is a judicial sale, and that the rule of *caveat emptor* applies. That is, the purchaser acts at his peril. He gets just such title as the administrator was able to give. However, this question is not now involved, but it is merely a circumstance tending to show the conduct and agreement of the parties, and, we think, has some tendency to corroborate the evidence that the sale was confirmed by the probate court.

While the administrator must show that the order of sale was made by the probate court and that the sale was confirmed by the probate court, yet the admissibility and sufficiency of evidence on this question are governed by the general rule of evidence.

It has been said: "The rule has long been sanctioned, in regard to public sales, that, where the vendee becomes bound for the purchase, as by having the article struck off to him as the highest bidder, and refuses to complete the purchase, the vendor may resell and hold the purchaser responsible, in case of deficiency of the purchase money upon the resale, for the difference between the two sales." 24 C. J. 647; and *Mount* v. *Brown,* 33 Miss. 566.

It is true that the purchaser is under no obligation to pay the price unless the sale has been confirmed; but, as we have said, the complaint alleged that it had been confirmed; the circumstances and evidence are sufficient, we think, to show that it had been confirmed, and especially the fact that appellant made no contention and asked no questions, and offered no proof in the lower court with reference to the failure to have the sale confirmed.

It has been said that the order confirming the sale need not be formal or need not be made in any precise form of words. Anything which expresses the approbation of the court is sufficient. 24 C. J. 556.

Again, appellant's conduct in undertaking to borrow money, in stating that his failure to do so was because of the refusal of his wife to sign, the taking and retaining possession of the property, are all inconsistent with appellant's claim that there was no confirmation of the sale.

"One who might otherwise successfully attack a sale may be estopped from so doing, the principles governing such estoppel being practically the same as those applying to estoppel generally. Thus, one will not be heard to object to the regularity of proceedings had on his own application, instigation, or consent, or which he has aided in carrying into effect. Neither will one be heard to complain of defects for the existence of which he is himself responsible." 24 C. J. 661.

"The purchaser cannot, while he retains possession of the property, resist payment of the purchase money,

or otherwise repudiate the burdens arising from the purchase because of defects in the sale or proceedings leading up thereto." 24 C. J. 663.

The evidence in this case shows that the appellant has possession of the property, and, as we have already said, is sufficient to justify the court in finding that the sale was confirmed by the probate court.

We therefore conclude that the decree of the chancery court is correct, and it is affirmed.