FARMERS' BUILDING & LOAN ASSOCIATION *v.* JONES.

Opinion delivered March 31, 1900.

HOMESTEAD—ABANDONMENT.—The owner of land will be deemed to have abandoned it as a homestead when he removed therefrom and made application for and procured a loan thereon by making a written statement that the land was not his homestead. (Page 78.)

Appeal from Howard Circuit Court in Chancery.

WILL P. FEAZEL, Judge.

*J. W. House*, for appellant.

The wife's acknowledgment was a substantial, if not a literal, compliance with the statute.   57 Ark. 242, 246.   The mortgage carries the wife's interest in the homestead.   58 Ark. 117, 123.   The property was not the homestead of appellee at the time of the execution of the mortgage.   The act of March, 18, 1887, does not prevent the husband from abandoning the homestead.   57 Ark. 242, 252.   His abandonment and his declarations estop the wife.   35 Mich. 150.   Appellant would be entitled to subrogation, even if the mortgage was defectively executed.   39 Ia. 657; 128 Ind. 293; 58 Tex. 696; 74 Ala.

507; 32 N. J. Eq. 103; 35 Kas. 495; 48 Mich. 238; 49 Mich. 546; 36 Kas. 680; 6 Abb. N. Cas. 469; 3 Nev. 138; 117 Ind. 551; 93 N. Y. 225; 49 Minn. 386; 55 Tex. 33; 69 Tex. 437; 27 S. E. 459; 73 Am. Dec. 603; 32 Ark. 258; 50 Ark. 361; 39 Ark. 531.

*W. C. Rodgers*, for appellees.

This land being originally a homestead, until it is affirmatively shown that he has abandoned it, it must continue to be impressed with this character. 28 Ark. 400; 37 Ark. 283; 41 Ark. 309; 35 Ark. 55; 56 Ark. 621; 50 S. W. 100. The finding of the chancellor that the property was the homestead of appellee, being supported by evidence, is conclusive. The mortgage is not good as against the homestead, because of the defective acknowledgment. 62 Ark. 431; 60 Ark. 269; 79 Fed. 826. Appellant was required to support his allegation as to subrogation by affirmative proof. 95 Fed. 325, 331; Sheld. Sub. §§ 11, 19; Speer, 37, 41; 124 U. S. 534; 122 Cal. 669. The mere advancing of money does not entitle the lender to subrogation. 124 U. S. 534; 164 Ill. 640; 47 Ark. 111, 118; 121 Ill. 597; 125 Ill. 412; 35 S. W. 464, 468; 42 La. Ann. 492; 19 Mart. 602; 8 Mart. 706; 75 Miss. 91; 29 S. C. 501. Appellants are not entitled to subrogation to the rights of any one not made a party. 56 Ark. 563; 53 Neb. 545; 144 Ind. 671; 56 Ark. 574. That question can properly be raised here. 65 Ark. 495, 497; 49 N. E. 44; 113 Ala. 402; 9 Wash. 428; 35 S. W. 238; 40 S. W. 773; 6 Cranch, 221. Appellant was a mere volunteer. 10 Ark. 411, 415; 119 N. C. 323; 104 Ind. 41. Hence it cannot claim subrogation. 10 Ark. 411–415; 25 Ark. 129; 29 W. Va. 480; 43 N. J. Eq. 438. It is not material upon which theory the lower court proceeded, so the result is right. 95 N. Y. 278; 52 Miss. 200, 227; 15 Abb. Pr. 280; 12 Utah, 104; 4 Den. 95; 63 Ark. 134; 66 Tex. 103; 15 Wis. 50; 57 Kas. 450; 55 Ark. 14.

WOOD, J. This suit was brought by the building and loan association to foreclose a mortgage executed by Jones and his wife on certain land. The complaint also set up the right of the appellant to be subrogated to a mortgage of one D. L.

Coleman, which a part of the money borrowed from appellant had been used to satisfy. The defense was usury, and the failure of Mrs. Jones to acknowledge the mortgage so as to convey the homestead under the act of March 18, 1887. The trial court held: (1.) That the mortgage was not properly acknowledged in accordance with said act, and was therefore void. (2.) That there was no usury in the contract. (3.) That appellant was not entitled to subrogation. (4.) That appellant was entitled to personal judgment for the amount claimed, and judgment was so rendered.

We have carefully considered all the points raised, and find no error in the ruling of the court except in refusing to foreclose the mortgage.

Peter C. Jones was a married man, and had a large family. At the time of the application for a loan, and the execution of the mortgage, he resided with his family at Mineral Springs, in Howard county, on land which belonged to his wife's mother, where he had lived for several years. In the application which Jones made to the appellant for the loan he was asked this question: "Is this property your homestead?" and he answered, "No." He also swore to the application, using the following language: "I, Peter C. Jones, the above-named applicant, do solemnly swear that the foregoing statements, facts and answers to the questions are absolutely and unqualifiedly true; * * * that I am the same person who made and subscribed the within and foregoing application for the advance; that I made the statements therein for the purpose of obtaining the advance, and that I fully understand that the advance, if allowed, will be made with reliance on the truth of the statements therein given, and that each and every statement made in the foregoing application is true. I also agree that the above application shall be a part of the contract between myself and the association, and I bind myself, heirs and assigns, to faithfully perform all conditions, agreements and promises contained therein. [Signed and sworn to.]

                                "PETER C. JONES."

The application was made on the 2d day of January, 1895. The mortgage in suit was executed on the 12th day of

March, 1895. The above facts show clearly that Peter C. Jones, the husband and father, before and at the time of the execution of the mortgage, had abandoned his homestead. He was not living on it; and the answer in the application, and his sworn statement, made for the purpose of obtaining the loan, show that he did not claim, nor intend to claim, it as his homestead. While the act of March 18, 1887, is a limitation upon the right of the husband to convey his homestead except by the consent of his wife, it does not in any manner affect or restrict his right of abandonment. This right he has by virtue of his marital and parental authority, and when he has chosen to exercise it, as he did here, he renders the property which had formerly been his homestead the proper subject of alienation without his wife's concurrence. Thompson on Homestead and Exemptions, §§ 42, 276, 483; *Titman* v. *Moore,* 43 Ill. 169, 174, *et seq.*; *Guiod* v. *Guiod,* 14 Cal. 506; *Thoms* v. *Thoms,* 45 Miss. 263, 276; Story, Confl. Laws; *Williams* v. *Swetland,* 10 Iowa, 51.

He could not be heard after the execution of the mortgage, under the circumstances, to say that he had not abandoned his homestead; and if there was an abandonment by him, his wife is bound by it. In *Sidway* v. *Lawson,*58 Ark. 117, we said: ''The husband could abandon the homestead, and it would become liable to his debts, notwithstanding the act of March 18, 1887.'' See also *Pipkin* v. *Williams,* 57 Ark. 242.

The view we have thus taken renders it unnecessary to discuss the other interesting questions upon which we think the court correctly ruled. Reversed, and remanded for further proceedings not inconsistent with this opinion.