MYAR v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.

Opinion delivered October 24, 1903.

1. CARRIER—CONTRACT—FREIGHT RATE.—Plaintiff, intending to buy certain cotton, inquired of the railroad's agent, and was informed by him that the charge for transporting it to a certain point was 15 cents per hundred. The owners of the cotton subsequently shipped it to themselves, to be delivered to the plaintiff when paid for. On demanding the cotton plaintiff was informed by the carrier that the freight charge was 25 cents per hundred. *Held*, that there was no agreement between the shippers and the railroad as to the freight rate. (Page 555.)

2. SAME—AUTHORITY OF STATION AGENT.—A railroad station agent has no authority to contract with a shipper to charge him for transportation of freight at a rate lower than was charged to others. (Page 555.)

3. APPEAL—QUESTION NOT RAISED BELOW.—An objection that it did not appear that a freight rate fixed by the railroad commission was posted by the railroad company as required by law cannot be raised for the first time on appeal. (Page 555.)

Appeal from Ouachita Circuit Court.

CHAS. W. SMITH, Judge.

Affirmed.

*Thornton & Thornton,* for appellant.

Appellee is bound by the acts of its agent within the scope of his apparent authority. 55 Ark. 629; Mech. Ag. §§ 86, 283, 289; 42 Ark. 99; 25 Ark. 262. The non-production of evidence within the power of a party creates a strong presumption that, if produced, it would be against him. 32 Ark. 346; Brad. Ev. 602; 33 N. Y. 508; 92 N. Y. 554; 17 Tex. App. 452. There is no presumption in favor of private laws. Brad. Ev. 598. The fact that it was the duty of the judge to publish notice of an election raises no presumption that it was published. 88 Ala. 158. The burden of proving that notice was given was on appellant. 51 Ark. 41; 33 Ark. 744; 19 Ark. 145; 59 S. W. 134; 158 U. S. 101.

*Sam H. West* and *Gaughan & Sifford,* for appellee.

The title in the cotton remained in the shipper until delivered to consignee. 50 Ark. 20. The time of the effectiveness of a rate fixed by the railroad commission is not dependent upon the publication of the same. 59 S. W. 134. The railroad commission had no authority or power to establish rates. 162 U. S. 184; 167 U. S. 479. A contract to carry for appellant cotton at a lesser rate than for any other shipper would have been void. Const., art. 12, §§ 10, 12; 66 Ark. 348.

BATTLE, J. On the 12th of April, 1900, Henry W. Myar brought an action against the St. Louis Southwestern Railway Company to recover the possession of certain 196 bales of cotton, which he alleged that the defendant held without right. The defendant answered, denying the plaintiff's right of possession, and alleging as follows: "That it is entitled to the possession thereof because it then had the same in its possession as a common carrier, having shipped the same from Waldo, Arkansas, to shipper's orders, for which service it had a lien on said cotton for its freight charges, amounting to $241.64, which charges were not paid nor tendered before the institution of this suit, nor before the service of said order of delivery; nor did the plaintiff deliver up nor tender the bill of lading for said cotton, they being consigned to the shipper's orders, before the institution of this suit or the service of said writ of possession or order of delivery."

To this answer the plaintiff replied as follows: "That he denied that defendant had a lien on the cotton mentioned in the complaint for the sum of $240.64, as common carrier or otherwise, but alleges the truth to be that plaintiff contracted with defendant as a common carrier to transport said cotton from Waldo, Arkansas,

to Camden, Arkansas, for the agreed price of $———, to be paid defendant on the delivery of said cotton to him at Camden. That on the arrival of said cotton at Camden, plaintiff tendered to said defendant in lawful money of the United States the sum of $66.66, the same being the full amount for which defendant agreed to transport and deliver said cotton at Camden, and demanded of the defendant the delivery of the cotton, which was refused. And plaintiff here brings into court and deposits for the benefit of defendant the said sum of $———.  Plaintiff says that at the time of said demand the defendant waived the delivery of the bill of lading when plaintiff ordered it."

The evidence adduced at the trial of the issues in the case tended to prove, substantially, the following facts: The plaintiff, Henry W. Myar, on or about the 6th of April, 1900, sent his agent, L. B. Stone, to Waldo, in this state, to purchase the cotton in controversy of two men, Fincher and Askew, if he could do so upon reasonable terms. Before making any effort to purchase the cotton, Stone saw the agent of the defendant, St. Louis Southwestern Railway Company, at Waldo, and asked him what the rate of the defendant was for transporting uncompressed cotton from Waldo to Camden, a distance of about thirty-five or thirty- six miles, and was informed that it was 15 cents on the 100 pounds. He previously made the same inquiry of defendant's agent at Camden, and was informed that it was 25 cents on the 100 pounds. This was done about the time he left Camden to go to Waldo to purchase the cotton. He bargained with Fincher and Askew for the cotton, but did not receive or pay for the cotton. The cotton was shipped by Fincher and Askew from Waldo to Camden, over the defendant's railway, to themselves, to be delivered to plaintiff when the purchase money was paid. He afterwards paid for the cotton, and tendered to the defendant 15 cents on every 100 pounds of the weight thereof in payment of the freight thereon, and demanded possession of the same. The defendant refused to deliver, and demanded 25 cents on every 100 pounds of the cotton for transportation, and the plaintiff refused to pay it. The rate for the shippment of the cotton over defendant's railway for the distance between Waldo and Camden, as fixed by the board of railroad commission of this state, and charged by the defendant, was 25 cents on 100 pounds, which in this case amounted to $241.64.

· The court, a jury being waived, found that there was due the defendant, for the shipment of the cotton, the sum of $241.64, and that it was entitled to the possession of the same until it was paid, and rendered judgment accordingly, and the plaintiff appealed.

Appellant insists that this judgment should be set aside, because appellee's agent at Waldo agreed to ship the cotton to Camden at the rate of 15 cents on every 100 pounds. There was no evidence of such an agreement. The agent informed Stone that appellee charged at that rate for shipping cotton from Waldo to Camden, and its agent at Camden informed him that it was 25 cents. There was no contract made with appellant by the agent at Waldo. The cotton was not shipped by him, but by Fincher and Askew. Appellee's agent at Waldo had no authority to make such a contract as appellant alleges he made. He could not lawfully discriminate in favor of one shipper by charging him for transportation at a lower rate than was allowed to others; and such did not come within the apparent scope of his authority.

Appellant contends that appellee could not lawfully collect at the rate of 25 cents on 100 pounds of cotton shipped, because there was no evidence that such tariff or charge had been posted, the law providing that the tariff and charge fixed by the railroad commission "shall be kept posted up for at least five days before the same shall go into effect." No such objection to the collection of 25 cents on every 100 pounds of the cotton shipped was set up in any manner in the court below. Evidence was allowed to be adduced to prove that such was the rate allowed and charged, without objection. Had it been objected to, appellee might have shown that the charge made had been posted for the time required by law. Appellant cannot set up the objection here for the first time. He has waived it, and it is unnecessary for us to say whether the objection should have been sustained if it had been interposed in time.

Judgment affirmed.