NEWTON v. RUSSIAN.

Opinion delivered January 28, 1905.

1. APPEAL,—COPYING INSTRUCTIONS IN TRANSCRIPT.—A mere recital in the bill of exceptions that certain instructions, giving the numbers, were given or refused did not authorize the clerk to copy in the transcript instructions of corresponding numbers found among the papers, as the instructions should either be set forth at large in the bill of exceptions, or there should be a call therein for the clerk to copy' them, properly identified. (Page 90.)

2. SAME — BRINGING UP INSTRUCTIONS.— Instructions which are neither copied in the bill of exceptions nor made a part thereof by a call to copy them, properly identified, are no part of the record on appeal. (Page 90.)

3. SAME—FAILURE TO BRING UP INSTRUCTIONS.—Where the instructions of the court are not brought up, and the testimony was sufficient to warrant the verdict, the judgment will be affirmed. (Page 90.)

4. HOMESTEAD—ABANDONMENT.—Upon proof that a husband wrongfully deserted his wife for a few months, it is a reasonable presumption that he will return, and his absence does not work an abandonment and forfeiture of her right to hold the homestead. (Page 90.)

5. SAME.—Enforced absence from the homestead for a few months, occasioned by destruction of the dwelling house by fire, will raise no presumption of abandonment, unless such absence was continued for such length of time as to negative any intention to return. (Page 91.)

6. APPEAL—QUESTION NOT RAISED BELOW.—A case will not be tried on appeal on issues not raised below. (Page 92.)

Appeal from Desha Circuit Court.

ANTONIO B. GRACE, Judge.

Affirmed.

STATEMENT BY THE COURT.

Appellee brought this suit against appellant for possession of 120 acres of land, alleging that her husband had donated the land from the State as a homestead, and that, during their temporary absence therefrom, appellant had attached and sold it for

debt against her husband, and had taken possession thereof under the sheriff's deed, and that her husband had deserted her.

The answer denied that the land was the homestead of the husband when it was levied on and sold, but alleged that he had abandoned the same as a homestead.

The testimony tended to show that plaintiff and her husband occupied the land as a homestead from 1895 to October 7, 1897, when the cabin or dwelling house where they lived was burned, after which they gathered the crop on the land, but resided on an adjoining farm; that plaintiff's husband had not rebuilt the house, and never lived on the land after the house was burned, but that she, with the assistance of neighbors, rebuilt it in 1898, after her husband left; that her husband started a crop on an adjoining farm in 1898, and rented out the land in controversy, and got into trouble, and left the country in May, 1898. Plaintiff testified that she went to the town of Tillar in May, 1898, to get work, and while there her husband brought her the deed to the land, and left, and that she had never seen or heard from him since. Other witnesses introduced by plaintiff testified that she partially rebuilt the house, and also as to the rental value of the lands.

The jury returned a verdict for plaintiff for possession of the land and rents, and the defendant appealed from an order overruling his motion for new trial.

*C. H. Harding* and *W. S. McCain,* for appellant.

The court erroneously ruled as to the husband's intention of returning to his homestead. 58 Ark. 117; 68 Ark. 76; 71 Ark. 597; 57 Ark. 242. As the wife claimed under the husband, she is bound by his admissions made while the right of abandonment was under his control. 31 Ark. 466; 42 Ark. 175; 57 Ark. 179; 69 Ark. 109; 67 Ark. 232.

*F. M. Rogers* and *J. Bernhardt,* for appellee.

No exception being saved to the testimony admitted, it is waived on appeal. 38 Ark. 413. The case was tried upon the issue of abandonment alone. A new issue can not now be raised. 64 Ark. 305.

McCULLOCH, J., (after stating the facts.)   Appellant assigns as error the giving of several instructions by the court of its own motion, and the refusal to give nineteen instructions asked by defendant; but, as the bill of exceptions does not contain any of the instructions, they can not be considered on appeal.   The bill of exceptions recites that the defendant asked the court to give instructions numbered respectively from one to nineteen, each of which the court refused, and to which the defendant excepted. It also recites that the court, of its own motion, and over the objection of defendant, gave instructions numbered respectively from one to five.   None of the instructions given or refused are set forth in the bill of exceptions or called for therein, but they are copied elsewhere in the transcript.   The office of the bill of exceptions is to bring upon the record all matters and proceedings in the trial not already a part of the record in the case, and this may be accomplished either by setting forth the papers or proceedings *in extenso,* or by a proper call therefor and identification.   But where such matters are neither set forth in the bill, nor called for and identified so that the clerk may set them forth, they do not become a part of the record, and can not be noticed on appeal. It is not sufficient for the bill of exceptions to merely recite the fact that certain instructions, giving the numbers, were given or refused, and the clerk is not thereby authorized to copy in the transcript instructions of corresponding numbers found among the papers. *Supreme Lodge K. of P.* v. *Robbins,* 70 Ark. 364; 3 Enc. Pl. & Pr., pp. 431-4; *Sanders* v. *Farrell,* 93 Ind. 28.

We must, therefore, presume that the jury were properly instructed; and if the testimony was sufficient to warrant the verdict, the judgment must be affirmed.   *Merchants' Exchange Co.* v. *Sanders, ante,* p. 16, and cases cited.

This is a suit by a wife to recover the homestead of her husband, who had deserted her during their temporary absence therefrom, occasioned by the destruction of the dwelling house by fire—the husband having left the country, and the property having been attached for his debt after the desertion.   Can she maintain the suit against the husband's creditor, who purchased the property and obtained possession at the sale under execution?

Section 3902, Kirby's Digest, reads as follows: "A debtor's right of homestead shall not be lost or forfeited by his omission

to select and claim it as exempt before the sale thereof on execu-
tion, nor by his failure to file a description or schedule of the
same in the recorder's or clerk's office; but he may select and
claim his homestead after or before its sale on execution, and may
set up his right of homestead when suit is brought against him for
possession; and if the husband neglects or refuses to make such
claim, his wife may intervene and set it up; provided, if the
debtor does not reside on his homestead, and is the owner of
more land than he is entitled to hold as a homestead, he or his
wife, as the case may be, shall select the same before sale. Act
March 18, 1887."

In *Sidway* v. *Lawson,* 58 Ark. 117, this court, in construing
the above act, said: "It vested no additional interest in the wife.
The husband could abandon the homestead, and it would become
liable to his debts, notwithstanding the act of March 18, 1887."
To the same effect see *Farmers' B. & L. Assn.* v *Jones,* 68 Ark.
76; *Pipkin* v. *Williams,* 57 Ark. 242; *Wilmoth* v. *Gossett,* 71
Ark. 594. But in *Hall* v. *Roulston,* 70 Ark. 343, which was an
ejectment suit by the grantee of the husband against the deserted
wife for possession of the homestead, the court held that "where
a husband wrongfully and without cause deserts his wife, it is a
reasonable presumption that he will return to her again, and that
the abandonment is not permanent, but temporary;" and that it
did not work an abandonment and forfeiture of the wife's right
to hold the homestead. Citing *Moore* v. *Dunning,* 29 Ill. 130;
Thompson, Hom. & Ex. § 277.

The question, therefore, in this case is whether the husband
had, before the desertion, abandoned the homestead. If he had
not done so, the right of the wife to sue for possession is plain.

It is settled by the repeated decisions of this court that a tem-
porary removal and absence from the homestead for the purpose
of business, pleasure or health, without actual intention to aban-
don the same, will not displace the homestead right. *Tumlinson*
v. *Swinney,* 22 Ark. 400; *Euper* v. *Alkire,* 37 Ark. 283; *Brown*
v. *Watson,* 41 Ark. 309; *Robinson* v. *Swearingen,* 55 Ark. 55;
*Robson* v. *Hough,* 56 Ark. 621; *Wilks* v. *Vaughan,* 73 Ark.
174.

*A fortiori,* an enforced temporary absence on account of the
destruction of the dwelling house will not operate as an abandon-
ment. Nor will such absence under those circumstances raise a

presumption of abandonment, unless continued for such length of time as to negative any intention to return.

In *Tumlinson* v. *Swinney, supra,* this court held that a temporary absence from the homestead for the purpose of business will not oust the right, unless the design of permanent abandonment be apparent.

The desertion by the husband occurred too short a time after the enforced removal from the homestead, being only a few months, to raise any presumption of abandonment, and we think the proof was sufficient to justify the jury in finding that there had been no abandonment by the husband. This was the only issue involved.

Appellant urges that there was no proof of the value of the lands, and that, the burden being upon the plaintiff, as held in *Pace* v. *Robbins,* 67 Ark. 232, before she can recover, to establish the fact that the 120 acres claimed were of less than $2,500 value, she has failed to prove the homestead right. This question was not raised by the answer, which tendered only the issue that the homestead had been abandoned by the husband. The case can not be tried here on issues not raised below. *State Mutual Insurance Co.* v. *Latourette,* 71 Ark. 242; *Myar* v. *St. L. S. W. Ry. Co.,* 71 Ark. 552; *Triplett* v. *Rugby Distilling Co.,* 66 Ark. 219.

Appellant assigns as further error that the court refused to permit him to testify to statement of Jack Russian, the husband, concerning his intention about returning to the homestead. The questions propounded by appellant's counsel were objectionable in form, and were excluded on that account, and he failed to correct the form of the questions, so as to elicit the testimony which the court held to be competent. The court, in ruling upon the question, said: "State facts, not conclusions or impressions on the part of the witness;" and the witness merely replied that "he wasn't there at all."

We find no error in the proceedings, and the judgment is affirmed.