## STEWART v. PRITCHARD.

### Opinion delivered November 20, 1911.

1. HOMESTEAD—ABANDONMENT.—A temporary absence of the owner
   from a homestead, where there is a fixed and abiding intent to return
   to it, will not constitute an abandonment of it as a homestead. (Page 103.)

2. SAME—ABANDONMENT.—Where at the time the owner of a homestead
   removes therefrom he has no constant and abiding intent to return to
   it, his removal constitutes an abandonment.  (Page 103.)

3. SAME—HOW INTENT TO ABANDON ASCERTAINED.—The intent of the
   owner of a homestead to abandon it as such may be gathered from all
   the facts and circumstances accompanying his removal and absence
   therefrom, from his declarations relative thereto, from the adaptability
   of the land, as well as his subsequent acts and the length of his absence.
   (Page 103).

4. SAME—AUTHORITY OF HUSBAND TO ABANDON.—Kirby's Digest, section
   3901, providing that no conveyance or other instrument affecting the
   homestead shall be of any validity unless the wife shall join in the ex-
   ecution thereof, does not restrict the right of a husband owning a home-
   stead to abandon same without his wife's concurrence.  (Page 104).

Appeal from Miller Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*L. A. Byrne,* for appellants.

A wife can not be deprived of her homestead except in the way pointed out by the statute. Kirby's Digest, § 3901.

The statutes declaring and vesting homestead rights are remedial, and should be liberally construed. 25 Ark. 101; 57 Ark. 242; 60 Ark. 269; 62 Ark. 431; 64 Ark. 492; 71. Ark. 283. The rights of a homestead having once attached, the homestead character continues until it is alienated or abandoned; and the abandonment must be complete before the law will withdraw its protection. 22 Ark. 400; 37 Ark. 283; 41 Ark. 309; 48 Ark. 539; 55 Ark. 55; 73 Ark. 174; 66 Ark. 382; 94 Ark. 107.

*W. H. Arnold,* for appellee.

The burden of proof is on the one who claims a homestead to prove that he is entitled to the exemption. 76 Ark. 575. In this case before the claim of homestead can prevail it must be shown that the absence of Stewart and his wife was merely temporary, and not with the intention of changing their place of residence, and that they should have a fixed intention to preserve it. 73 Ark. 174; 74 Ark. 88; 78 Ark. 479; 57 Ark. 179; 68 Ark. 76.

FRAUENTHAL, J. This was an equitable action instituted by J. T. Pritchard, the plaintiff below, to obtain the specific performance of a verbal contract of sale of land made by defendant to him. The plaintiff alleged that in February, 1910, the defendant sold the land to him by verbal contract for $500. In pursuance of said contract, he was placed in possession of the land, and made valuable and permanent improvements thereon. He also alleged that the consideration was to be paid with a note and mortgage for $500, which was owned by him, and that he turned same over to defendant's agent in pursuance of their agreement to that effect.

The defendant resisted the action upon two grounds: (1) He alleged that the consideration was to be paid in cash, which was not done; (2) and that the land was his homestead, and that his wife had not joined in the execution of a conveyance thereof, or in a contract of the sale therefor. Considerable testimony was taken relative to these two issues, and upon final hearing of the cause the chancellor made findings in favor of

the plaintiff, and entered a decree directing specific performance of the contract for the sale of the land. Upon this appeal, the only ground urged by the defendant why the decree should be reversed is that the land was his homestead, and the alleged sale thereof was void because his wife had not joined in the execution of such contract or of the conveyance for the land. The sole question to be determined, then, is whether or not the land was the homestead of the defendant at the time he sold same to plaintiff.

Defendant bought the land about five or six years prior to the time he entered into the verbal contract for its sale to plaintiff, and moved thereon with his family, and impressed same as his homestead. He remained in posseession of the land until January, 1908, when he moved off the land and has never returned to it. It is claimed by the plaintiff that he abandoned the land as a homestead at that time, and that it was not his homestead when the defendant sold same to him in February, 1910.

The abandonment of a homestead is almost, if not entirely, a question of intent. This intent must be determined from the facts and circumstances attending each case. The mere removal of the owner with his family from the homestead will not constitute such an abandonment. It is well settled that a temporary absence from the land, where there is a fixed and abiding intent to return to it, will not occasion an abandonment of it as a homestead. It has been frequently held that if a removal from a homestead is caused by necessity or for business purposes, or for any other reason which requires the temporary absence of the owner, who at the time has and retains a fixed and unqualified intention to preserve it as a homestead and to return to it, this will not result in an abandonment of the land as a homestead. *Tumlinson* v. *Swinney*, 22 Ark. 400; *Euper* v. *Alkire*, 37 Ark. 283; *Brown* v. *Watson*, 41 Ark. 309; *Gates* v. *Steele*, 48 Ark. 539; *Robinson* v. *Swearingen*, 55 Ark. 55; *Wilks* v. *Vaughan*, 73 Ark. 174.

On the other hand, if, at the time of the removal, there is no present or constant and abiding intention to return to it and preserve same as a homestead, then such removal from the land will constitute an abandonment of it as a homestead. The intent of the owner will be gathered from all the facts and cir-

cumstances accompanying his removal and absence from the homestead, from his express declarations relative thereto, from the adaptability of the land as a homestead according to the owner's views and desires, as well as from his acts thereafter and the prolongation of his absence therefrom. *Newton* v. *Russian,* 74 Ark. 88; *Gibbs* v. *Adams,* 76 Ark. 575; *Farmers B. & L. Assn.* v. *Jones,* 68 Ark. 76.

While a temporary change of residence will not constitute an abandonment of a homestead, yet an actual removal therefrom will result in such an abandonment unless there is at the time a fixed and definite purpose to return to it and preserve it as a homestead.

The act of March 18, 1887 (Kirby's Digest, § 3901), providing that no conveyance or other instrument affecting the homestead shall be of any validity unless the wife shall join in the execution thereof, does not in any manner restrict the right of abandonment by the owner. When he has chosen to exercise the right of abandonment, and actually does abandon the property which formerly was his homestead, it thereby becomes subject to sale or other alienation without his wife's concurrence. *Farmers B. & L. Assn.* v. *Jones, supra.*

In construing the above act, this court in the case of *Sidway* v. *Lawson,* 58 Ark. 117, said: "It vested no additional interest in the wife. The husband could abandon the homestead, and it would become liable to his debts, notwithstanding the act of March 18, 1887." *Newton* v. *Russian, supra.*

In the case of *Hart* v. *Randolph,* 142 Ill. 521, it was held that where the husband and family left his former homestead, and thereupon sold and conveyed the property and placed the purchaser in possession thereof, and never returned or attempted to return, nor, so far as appeared from the testimony, claimed it as a homestead for a number of years thereafter, this clearly constituted an abandonment thereof as a homestead. See also *Anderson* v. *Kent,* 14 Kan. 207; *Nethercutt* v. *Herron,* (Ky.) 8 S. W. 13.

But, as before stated, the abandonment of a homestead by the owner thereof is entirely a question of intention upon his part, and must be determined by the facts and circumstances adduced in evidence in the case. Thompson on Homestead and Exemptions, § 273 *et seq.*

The testimony in the case at bar tended to prove that in January, 1908, the defendant removed from the land which was his homestead, and has never returned to it. The land consisted of 40 acres, with a small house thereon. At the time of his removal, there was no chimney to the house, and no sash in the windows; and the panels of the doors had been broken out and the roof leaked. The well on the place had failed to furnish water, and posts which had been placed under the house had rotted to such an extent that it was in danger of falling. The defendant was a white man, and on removing from the land placed a negro in possession of the house, who rented the land during the year 1908. In 1909 defendant rented the land to another negro, but the house remained unoccupied. In 1908 he moved about 16 miles from the place, and some time later moved to the city of Texarkana, which is about three or four miles from the place. Here he remained about a year, when he moved to a farm in the adjoining State of Texas. He spoke to different parties relative to selling the land prior to his sale thereof to the plaintiff, and stated that his wife would not live on the place because there was no water there, and that she desired to move to Texas. It appears that his wife also made this declaration. During all the time since his removal, defendant has evinced no intention of returning to the land, either by word or act. Although he stated in his testimony that he claims the land as his homestead, he did not testify either that it was his intention to return to the land and preserve it as a homestead at the time that he removed therefrom, or that he entertained any such intention at any time since said removal.

The testimony tends further to prove that in March, 1910, after he had entered into the contract of sale of the land with the plaintiff, he placed the plaintiff in possession thereof, who with this knowledge made lasting improvements upon the land. In his original answer filed in this case, he resisted the action instituted by the plaintiff solely upon the ground that the land was sold for a cash consideration which had not been paid, and he did not therein set up as a defense the invalidity of the sale by reason of the land being his homestead. Subsequently, he filed an amended answer in which he made this defense.

We have carefully examined the testimony in this case, and we have come to the conclusion that it sufficiently shows that when the defendant moved from the land in 1908 he had no present intention of returning to the same, or of preserving it as a homestead; that since his removal he has not, by any declaration or act, evinced any intention of returning to the land or preserving it as a homestead. And we are convinced that the finding of the chancellor that the defendant had abandoned the land as a homestead prior to the time he entered into the contract for the sale thereof to the plaintiff is not against the clear preponderance of the evidence.

It follows that this finding of the chancellor, according to the repeated rulings of this court, should not be disturbed. The decree is accordingly affirmed.

KIRBY, J., dissents.