NEIL *v.* NEIL.

Opinion delivered December 13, 1926.

1. PARTITION—RIGHT TO USE PRIVATE ROAD.—Plaintiff *held* under the evidence to have acquired the right to use a private road across defendant's land as part consideration in a partition of land with defendant.

2. FRAUDS, STATUTE OF—OPERATION AS ENGINE OF FRAUD.—An oral agreement for the partition of lands, including the right of one party to use a private road across another's land, is not within the statute of frauds, which cannot be used as a means of fraud.

3. HOMESTEAD—ABANDONMENT—ADVERSE POSSESSION OF RIGHT-OF-WAY.—In view of the fact that a husband may abandon his homestead, a right-of-way over it may be acquired by adverse user for the statutory period of seven years.

Appeal from Benton Chancery Court; *Lee Seamster,* Chancellor; reversed.

*W. O. Young* and *Rice & Rice,* for appellant.

*John W. Nance,* for appellee.

Humphreys, J. Appellant instituted this suit against appellee in the chancery court of Benton County to enjoin him from obstructing a private road on the south side of the south half of the northwest quarter of section 6, township 18 north, range 29 west, in said county. It was alleged in the complaint that appellant acquired the right to the use of said road as a part of the consideration in the division between them of the north half of the northwest quarter and the northwest quarter of the southeast quarter of said section, which was inherited from their father, and used by him from 1892 until November, 1924, when appellee wrongfully and unlawfully obstructed the road by placing stobs and wire across same.

Appellee filed an answer, denying that appellant acquired an easement in the said road as a part of the consideration in the partition of the three forty-acre tracts aforesaid, which they inherited from their father, or that he acquired a right therein by user for more than seven years; and, by way of further defense, pleaded the statute of frauds, and that said road was upon and across his homestead.

The cause was submitted to the court upon the pleadings and testimony introduced by the respective parties, which resulted in a decree dismissing appellant's complaint for the want of equity.

An appeal from the decree has been duly prosecuted to this court, and the cause is here for trial *de novo.*

Appellant and appellee, together with their sister, inherited six forties of land from their father, who died in 1892. They conveyed their undivided interest in three of the forties, not herein described, to their sister, as her full share in the estate, in consideration for her undivided interest in the north half of the southwest and the northwest quarter of the southeast quarter in said section. Prior to the death of their father, appellant purchased the west half of the northeast quarter and appellee the south half of the north-

west quarter of said section from him. They were farmers, who resided upon the respective tracts they purchased from their father. Before and at the time of the purchase a private road was on the south side, adjoining the south line of the south half of the northwest quarter and the southwest quarter of the northeast quarter of said section, used for ingress to and egress from the wire road on the south side of the farm leading to the town of Lowell, the nearest market place to the farm. Each of the parties herein planted apple orchards on a part of the lands they purchased, and afterwards on a part of the lands they inherited, and used the road in question to haul out their products, in order to avoid the hill pulls on the north road leading from appellant's residence on the northwest quarter of the northeast quarter of said section to the wire road. The north road referred to was later converted into a public road and widened by donations of land by appellee and others who owned adjoining lands. In the division of the three forties between appellant and appellee, appellant received the northeast quarter of the southwest quarter, or the middle forty, and the north 30 acres of the northwest quarter of the southeast quarter, and appellee received the northwest quarter of the southwest quarter and the south 10 acres off of the northwest quarter of the southeast quarter of said section. Deeds were made by each to the other in order to effect the division, but no mention was made of the roads in the deeds. According to this division, appellee received a full forty on the main wire road and ten acres on the back side of the farm, whereas appellant received forty acres in the middle and thirty acres on the back side of the farm. Both appellant and appellee testified that it was agreed in the division that appellee should have a road across the south side of the middle forty, next to the south line thereof, so that appellee might have access over same to the ten-acre tract on the back side of the farm, which road was used by him for that purpose until he sold the ten-acre tract.

Appellant testified that he agreed to the partition in consideration that he be allowed the free use of the road on the south side of the south half of the northwest quarter of said section as a means of ingress and egress to and from his land; that it was and is the only practical way to haul apples from his orchard to the nearest shipping point; that his orchard produced from 35 to 40 cars of apples a year, yielding in money between eleven and sixteen thousand dollars annually; that he has used the road under agreement since 1892 until appellee closed it up in 1924.

Frank Wilmoth testified that he is acquainted with the road in controversy; that it had been in use for 43 years; that, during the year 1892, a short time after the division of the three forties between appellant and appellee, they both told him that the agreement was for each to have a road over the lands of the other; that appellant took charge of the road in question and used it the entire time he lived in the neighborhood, which was about seven years; that, during that period, he heard them make the statement detailed above with reference to the division, on several different occasions.

John Walker testified that he lived on the farm for five years, and during the time heard appellee say, on several occasions, that the road in question was agreed upon in the division of the property; that, on one occasion, he heard appellee tell appellant to work it, as it was his road.

John Neil, a son of appellant, testified he had heard both his uncle and his father state each had given the other a road through the land in making the division.

Appellee testified that the only road involved in the division of the three 40-acre tracts between himself and his brother was the road on the south side of the northeast quarter of the southwest quarter which was awarded to him by his brother as a passway to and from the 10-acre tract he got on the south side of the northwest quarter of the southeast quarter of said section; that he

never gave appellant free use of the road in question as part consideration of the division; that occasionally he had permitted him to use the road for a particular purpose, but that his entire use thereof was permissive and not under right.

The first question presented for determination on this appeal is whether appellant acquired the free use of the road in question as part consideration for making the division. The testimony of appellant and appellee is in conflict on this point. Appellant is corroborated by the testimony of his son and two disinterested witnesses, Frank Wilmoth and John Walker. Also by the use of the road for more than seven years. Also by the probability that he would not have accepted the middle and back part of the land in the division if he had not acquired a practical and short route to haul his produce to market, especially in view of the fact that he gave his brother an easement across one of his forty-acre tracts to the ten-acre tract he received on the back side of the farm.

The next question presented for determination on this appeal is whether the statute of frauds is applicable to the facts in the case. It cannot be successfully pleaded and applied in the case, because it would amount to a fraud to allow appellee to retain the property he acquired in the division in violation of the agreement, although not in writing. It is not allowable to use the statute of fraud as a means of fraud. *Keatts* v. *Rector,* 1 Ark. 391.

The next and last question presented for determination on this appeal is whether a right-of-way can be acquired over a homestead by user. The Homestead Act of March 18, 1887, has reference only and solely to conveyancing. *Farmers' Building & Loan Association* v. *Jones,* 68 Ark. 76, 56 S. W. 1062. Notwithstanding said act, the husband may abandon his homestead. *Stewart* v. *Pritchard,* 101 Ark. 101, 141 S. W. 505. In view of the fact that a husband may abandon his homestead, it follows, as a related principle, that a right-of-way can be

acquired over it by adverse user for the statutory period of seven years.

On account of the errors indicated the decree is reversed, and the cause is remanded with directions to enjoin the obstruction of the road.