CHANEY v. MARTIN.

4-7091 171 S. W. 2d 961

Opinion delivered June 7, 1943.

*Shouse & Shouse*, for appellant.

*Len Jones*, for appellee.

ROBINS, J. Appellant, Granville Chaney, in 1937, purchased a tract of land in Boone county, Arkansas, lying between a farm purchased in 1935 by appellee, Roy Martin, and the public highway. At the time appellant acquired his land it was not in cultivation or under fence, and appellee was, and had been since 1935, using a road across this tract as an outlet from appellee's home to the public highway. Appellee continued to use this road until the spring of 1942, at which time appellant plowed up the land and made the road impassable.

Appellee instituted this suit in chancery court setting up in his complaint that he had a "passway" across appellant's land, and that he and the public had had adverse possession of this road for more than seven years, and that he had no other method of ingress and egress to his land. He prayed for an injunction restraining appellant from interfering with his use of this right-of-way, but did not set forth any particular description of the right-of-way claimed by him.

The evidence disclosed that the farm owned by appellee had been formerly owned by Simon Simpson; that the road in question was used, while Simpson owned the land, by Simpson and by other people desiring to go to Simpson's home, but the testimony was not in our opinion sufficient to show such a use of this road by the general public as to make it a public highway. Appellee testified that he had never asked or obtained permission from appellant, or anyone else, to use this road, and his statement to this effect is not disputed. The testimony, however, of both parties to this action established that when appellee objected to appellant's action in plowing up the old road used by appellee, appellant and appellee agreed upon a new outlet for appellee across appellant's land, along the section line, and appellee used this new route for several months and until a dispute arose between the parties because appellant, sometime after he put appellee in possession of the new right-of-way, erected gates across the road.

The chancellor found the issues in favor of appellee and rendered a decree enjoining appellant from interfering with appellee "in his free and unobstructed use and enjoyment of the road herein involved as the same was originally located prior to the change thereof as agreed upon by the plaintiff and defendant"; from which decree this appeal is prosecuted.

We do not deem it necessary to decide whether the proof in this case justified the finding that appellee had acquired by prescription an easement along the old route used by him in crossing appellant's land. Regardless of whether appellee had acquired such right, it is shown by the evidence that appellant recognized this right to the extent that he provided for appellee a new right-of-way across his land, and the evidence further shows that appellee accepted this new route and used it for several months. Appellee thereby surrendered any prescriptive right to use the old route that he might have possessed. This exchange of routes, accompanied by surrender of the old route and acceptance and continued use of the new route by appellee, as was shown by the evidence in this case, was effective, even in absence of any writing

to evidence the agreement. "An oral grant (of an easement) will be upheld where it is accompanied by consideration, action in reliance on the grant, and by the grantee's being permitted the granted use." 28 C. J. S., p. 678. *Wynn* v. *Garland,* 19 Ark. 23, 68 Am. Dec. 190; *Kellums* v. *Richardson,* 21 Ark. 137; *Neil* v. *Neil,* 172 Ark. 381, 288 S. W. 890.

The preponderance of the evidence as to the compromise agreement between the parties does not sustain the contention of appellant that he had a right to place gates across the new road, and, in erecting these gates, appellant violated the agreement under which appellee surrendered whatever right he had to use the old road.

The lower court, therefore, erred in adjudging that appellee was entitled to continue to use the old right-of-way, but should have rendered a decree enforcing the agreement which these parties themselves made and put into effect. This cause is accordingly reversed and remanded with directions to the lower court to set aside the decree rendered herein and to enter a decree confirming the compromise settlement made between the parties establishing the new route for ingress and egress by appellee across appellant's land (the exact width and location of said new route to be determined from additional testimony, if necessary) and enjoining appellant from placing or maintaining gates or other obstructions across same; the costs of this appeal to be adjudged against appellee and the costs in the lower court to be adjudged against appellant.