690

Chester WARREN and Hilda G. WARREN *v.*
Elmer CUDD, Toney ROBINSON and
Shirley ROBINSON, Warren G.
SOUTHARD and Yvonne WORKMAN

76-401                                    550 S.W. 2d 773

Opinion delivered May 23, 1977
(Division I)

*Bullock & Peel,* by: *William R. Bullock,* for appellants.

*Tom Tatum, P.A.,* for appellees.

ELSIJANE T. ROY, Justice. This action involves an alleged easement running from a county road approximately one mile across appellants' farmland. The trial court found that appellees, whose farm properties lie to the south of appellants' land, had established an easement by prescriptive right and permanently enjoined appellants from restricting appellees' use of the roadway. Appeal was brought from this decree.

The testimony established that a roadway had existed over appellants' land for a number of years but public use had been abandoned for more than the statutory period. Appellees had continued their use under claim of right, contending the use was not permissive, while appellants' position was that no use of the roadway was made except permissive.

About 1969 or 1970, appellants' predecessor in title, Charles Duff, put a locked gate across the entrance of the roadway claiming damage to his pastures by misuse of the road. There was testimony that Elton Robinson, predecessor in title to appellee Yvonne Workman, and appellees Toney Robinson and Warren G. Southard reached an agreement with Duff under which the existing roadway would be moved to an old roadbed still evident but grown up with trees and vines and covered with trash. The old roadway was bulldozed to make it passable and a new gate complete with chain and lock was installed. Expenses for the work were shared, and

the Robinson brothers and Southard were each given a key to the lock. Elton Robinson testified that the improvements were made in June, 1970.

In August, 1970, Duff executed a contract of sale with appellants for his farm property. Appellant Chester Warren testified he was unaware at that time of any easement across the property. In February, 1971, Duff sent a letter to appellants, who were living in Michigan, explaining the use of the road and enclosed a key to one of the locks on what he termed a "partnership" gate. Appellants claimed they did not see the road until July, 1971, and that they would not have bought Duff's farm had they known of the partnership gate.

After appellants took possession in December, 1971, Warren testified difficulty was experienced in keeping the gate closed and several of their cattle were lost. Early in 1976, appellants removed the gate and fenced off the road, refusing to permit further use of it by appellees.

Appellees thereafter filed this action on March 18, 1976, claiming the road was a public roadway and they had established their right to use it by adverse claim to that of the owner.

The trial court found the public's right of access to the road was estopped in 1969 or prior thereto but that all of the appellees had acquired a right by prescription. The decree stated appellees have an easement described as "the present and existing roadway" across appellants' property. The court refused to impose any other conditions on the use of the road.

Appellants contend the use of the road was permissive and did not ripen into an easement by prescription.

The case before us is much like that of *Chaney v. Martin,* 205 Ark. 962, 171 S.W. 2d 961 (1943). There Chaney plowed a roadway that ran across his land which had been used for some time by Martin without permission. The parties then agreed upon a new route which was used for several months until another dispute arose and gates were placed across the

access point. The Court found that Chaney recognized Martin's entitlement to a right of way by providing him with a new route which Martin had accepted. The Court stated:

> We do not deem it necessary to decide whether the proof in this case justified the finding that appellee had acquired by prescription an easement along the old route used by him in crossing appellant's land. Regardless of whether appellee had acquired such right, it is shown by the evidence that appellant recognized this right to the extent that he provided for appellee a new right-of-way across his land, . . . . * * *

> This exchange of routes, accompanied by surrender of the old route and acceptance and continued use of the new route by appellee, as was shown by the evidence in this case, was effective, even in the absence of any writing to evidence the agreement. "An oral grant (of an easement) will be upheld where it is accompanied by consideration, action and reliance on the grant, and by the grantees being permitted the granted use." 28 C.J.S., p. 678. *Wynn v. Garland,* 19 Ark. 23, 68 Am. Dec. 190; *Kellums v. Richardson,* 21 Ark. 137; *Neil v. Neil,* 172 Ark. 381, 288 S.W. 890.

An oral grant of an easement will be upheld where the grantee has made valuable improvements in the right of way without objection from his grantor. See *Wynn v. Garland,* 19 Ark. 23 (1857).

Appellants' predecessor in title, Duff, allowed Elton Robinson and appellees Toney Robinson and Southard to share the cost of the new roadway and gate and acquiesced in their use of the road. It therefore was not error to find that these appellees have a right to use the road in question.

However, it was error to find that appellee Elmer Cudd may share in the use of the road. Cudd testified he had not traveled the road for seven years or more and not since the route was changed, and that he never had a key to the gate installed by Toney Robinson. He was not a party to the agreement with Duff and contributed in no way to relocating the road.

Appellee Yvonne Workman is a party to this action by virtue of purchasing the property owned by her father, Elton Robinson, by deed dated April 7, 1975. Since we have recognized Elton Robinson's right to the easement as established by oral agreement, we find appellee Workman has a right to use of the road by virtue of the deed from her father.

In 28 C.J.S. Easements § 46 (1941) it is stated:

Easements appurtenant to land may be conveyed with a conveyance of the land. Where an easement is annexed as an appurtenance to land by an express or implied grant or reservation, or by prescription, it passes with a transfer of the land although not specifically mentioned in the instrument of transfer.

Appellants' allegation that no mention is made of the easement in the conveyance to Mrs. Workman does not preclude her right thereto. " * * * No mention of the easement in the transaction or instrument of transfer is necessary, as it accompanies the dominant tenement as an appurtenance thereof, if not specifically excluded. * * * " See 3 Powell, The Law of Real Property par. 418, at 526.1 (Rev. ed. 1977).

Appellants also contend that if an easement is found to exist, the trial court erred in not imposing any conditions or limitations on its use. The preponderance of the evidence reflects that appellees' use of the road was subject to the conditions imposed by Duff at the time of the mutual agreement of the parties. The conditions were that the gate would be locked, the public would be kept out and only the rebuilt roadway would be used.

Accordingly we find the easement is subject to the same conditions that existed at the time the agreement was entered into by the parties.

Affirmed as modified.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.