Louie HIGGINS *v.* Loicy BLANKENSHIP

CA 80-149                              605 S.W. 2d 493

Court of Appeals of Arkansas

Opinion delivered September 24, 1980

*Scott Manatt*, for appellant.

*Seay & Bristow*, by: *Bill W. Bristow*, for appellee.

STEELE HAYS, Judge. This dispute concerns a roadway across the property of the appellee, Loicy Blankenship. Appellant, Louie Higgins, claims an easement over the roadway for purposes of ingress and egress in order to reach the western extremity of his land.

The evidence is undisputed that in 1957 or 1958, appellant's predecessor in title, Walter Arnold, and appellee's predecessor in title, Lawrence March, agreed to build the roadway, March furnishing the right of way and Arnold furnishing the gravel. The roadway was of mutual benefit since it increased the value of the March property and provided access to the back forty acres of the Arnold property.

Shortly after completion of the roadway, March erected a gate across the road at some point, but removed it when Arnold asked that he do so.

In 1963, Arnold sold his interest to the appellant and at approximately the same time, Charles March acquired the interest of his father in the March property, which was later conveyed to the appellee in 1977.

How frequently the roadway was used over the years is disputed and it is difficult to draw any firm conclusion; appellant contends that except during an illness of three months, he has used the road regularly throughout the four seasons of the year, notwithstanding the fact that he lived and worked in St. Louis and was able to come to the property only during vacation periods and weekends. Appellee contends that the use was, at best, sporadic and at times brush and grass grew on the roadway to a height of three to four feet. However, suffice it to say there is no evidence that would support a determination that the road was ever abandoned.

After appellee acquired the March property in 1977, efforts were begun to interrupt usage of the roadway in various ways. Appellee admitted placing trees and barriers in the roadway and in August of 1978 appellant filed this suit, alleging that he had acquired a prescriptive easement over the roadway and seeking a restraining order against the interference of such use. Appellee denied that appellant had made such continuous use of the roadway as to entitle him to a prescriptive easement.

The Chancellor found that appellant's use of the roadway was permissive only, lacking in the element of hostility necessary to a prescriptive easement. The Chancellor also found that there was no evidence of continued, uninterrupted use for seven years, denying that an easement existed. Appellant asserts on appeal that the Chancellor erred in finding that the road had not been used continuously under a claim of right.

With reference to the latter point, it is true that the testimony is somewhat vague; however, that is of no moment, as the evidence is overwhelming that the predecessors in title of these parties agreed upon and entered into an oral agreement for an easement, which agreement was implemented by

the actual construction of the roadway, followed by its recognition and usage over a span of nearly 20 years. The fact of the original agreement was testified to by the son of Walter Arnold and acknowledged by the widow and son of Lawrence March. In short, there is no question from the record but that an easement by agreement, rather than by prescription, was clearly enterd into, supported by consideration and acted upon by the parties. An easement thus created could only be lost by an abandonment nor would such a finding have been warranted by the evidence. *Corpus Juris Secundum*, Volume 28, EASEMENTS, Section 24:

> . . . and as a general rule (an easement) must be in writing; but an oral grant will be upheld when it is accompanied by consideration, action in reliance on the grant, and by the grantee's being permitted the granted use.

The case of *Warren* v. *Cudd*, 261 Ark. 690, 550 S.W. 2d 773 (1977) is, in many respects, similar to the case at bar. In *Warren*, the action involved a county road running across appellant's farmland. Testimony established that the road had existed on appellant's land for many years, but that public use had been abandoned for more than the statutory period. Appellees had continued their use of the road under a claim of right. In 1970, appellant's predecessor in title, Charles Duff, put a locked gate across the roadway claiming that misuse of the road had caused damage to his pastures. Duff reached an agreement with appellees to move the roadway to an old roadbed on appellant's property. The old roadway had to be bulldozed, and a new gate was completed. Expenses for the work were shared between Duff and the appellees, each of whom was given a key to the gate. Later in the same year, Duff sold his property to appellants. Appellant Chester Warren testified that he was unaware of any easement across the property. In 1976 appellants removed the gate and fenced off the road. Appellees brought suit, claiming that they had established their right to use the road by adverse claim to that of the owner. The trial court found that appellees had acquired an easement by prescription to use the roadway. Appellants brought this appeal, contending

that use of the road was permissive and therefore did not ripen into an easement by prescription.

The Arkansas Supreme Court stated that whether the appellees had used the right of way for seven years was not important, as their right was based on an *oral grant* of an easement:

> We do not deem it necessary to decide whether the proof in this case justified the finding that appellee had acquied by prescription an easement along the old route used by him in crossing appellant's land. Regardless of whether appellee had acquired such right, it is shown by the evidence that appellant recognized this right to the extent that he provided for appellee a new right-of-way across his land, . . .***
>
> This exchange of routes, accompanied by surrender of the old route and acceptance and continued use of the new route by appellee, as was shown by the evidence in this case, was effective, even in the absence of any writing to evidence the agreement. "An oral grant (of an easement) will be upheld where it is accompanied by consideration, action and reliance on the grant, and by the grantees being permitted the granted use." 28 C.J.S., p. 678. *Wynn* v. *Garland*, 19 Ark. 23, 68 Am. Dec. 190; *Kellums* v. *Richardson*, 21 Ark. 137; *Neil* v. *Neil*, 172 Ark. 381, 288 S.W. 890.

An oral grant of an easement will be upheld where the grantee has made valuable improvements in the right of way without objection from his grantor. See *Wynn* v. *Garland*, 19 Ark. 23 (1857).

"An oral grant (of an easement) will be upheld where it is accompanied by consideration, action and reliance on the grant, and by the grantees being permitted the granted use." *Chaney* v. *Martin*, 205 Ark. 962, 171 S.W. 2d 961 (1943). [See also 28 C.J.S. *Easements*, § 24, *Neil* v. *Neil*, 172 Ark. 381, 288 S.W. 890 (1926).]

In this case, we hold that all of the factors of an oral

grant of an easement have been shown and, therefore, it was error for the trial court to enter a judgment in favor of appellee.

Apellee argues on appeal that appellant maintained in his pleadings that his easement had been acquired by prescription, rather than by oral agreement. It is true the complaint uses the term easement by prescription; however, there was extensive testimony that the roadway was created by agreement between Lawrence March and Walter Arnold, the then-owners, and appellee voiced no objection to the proof as it was offered and claimed no surprise thereby. The Arkansas Supreme Court has held that when an issue has been discussed in trial proceedings which was not responsive to the pleadings, the appellate court may treat the pleadings as being amended to conform to the proof, and the scope or sufficiency of the pleadings cannot be challenged on appeal. *Van Harton* v. *Better Health Insurance Association of America*, 238 Ark. 815, 384 S.W. 2d 465 (1964). [See also *Deposit Guaranty National Bank* v. *River Valley Company*, 247 Ark. 226, 444 S.W. 2d 880 (1969).]

Under the Arkansas Rules of Civil Procedure, Rule 15 (b) states:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings.

As was stated in *Ferguson* v. *Green*, 266 Ar. 556, 587 S.W. 2d 18 (1978), an appeal from chancery court opens the whole case for review and all of the issues raised in the court below are before the appellate court for decision. Also, the fact that the chancellor based his decision upon an erroneous conclusion does not preclude the appellate court's review of the entire case *de novo*. *Ferguson, supra.*

Reversed and remanded for the entry of an order consistent with this opinion.