LARRY D. VAUGHT, Judge
Julian Gifford appeals the Mississippi County Circuit Court's order of judgment *219 in favor of appellee Darrell McGee. Following a bench trial, the court found that McGee had proved the existence of an oral easement entitling him to the use of a portion of Gifford's property for the purpose of maintaining a septic line. We affirm.
The parties are adjoining landowners outside the city of Blytheville. In 1951, Virgil and Betty McGee purchased approximately twelve and a half acres of land. In 1988, they conveyed 1.28 acres of that land to their son, appellee McGee, so that he could build a home on it. He did, and during the process he had his land and his parents' land tested for installation of a septic system. While his own property did "perk," it was not as suitable as a small area of sandy soil on his parents' property, so his parents let him install the field lines on their land.
Stan Simpkins, a friend of the McGee family, purchased 6.09 acres, including the land on which McGee's septic lines were located, from Virgil and Betty McGee in 1995. Simpkins knew about the field lines before he bought the property. He testified the lines never caused him a problem. When asked if he had given McGee permission to keep the field lines in place, Simpkins acknowledged that he had. Simpkins told the court that Virgil McGee had specifically asked Simpkins if it was okay for the lines to remain in place, to which Simpkins had responded that it was fine.
On September 24, 2004, Gifford and his wife purchased the 6.09 acres from Simpkins.[1] Gifford testified that when he bought the land, he was not aware of the existence of the field lines. He testified that about a month after he bought the land, McGee approached him and told him about the field lines. Gifford asserts that he gave McGee permission to keep the field lines. McGee denies ever having a conversation with Gifford about being able to keep his field lines in place. McGee took the position that he had never asked Gifford's permission to maintain the septic lines because his father had granted him that right.
David Beary, an expert on septic systems with the Arkansas Department of Health, testified that Gifford asked him to investigate the field lines and that he found no evidence of sewage in the pasture, but there was a strong odor of sulphur that likely came from other sources. Beary also noted that there was really no other spot that would meet the criteria for locating septic field lines but that McGee could likely obtain a waiver of the regulations and install a "non-typical system."
McGee's land is located approximately 800 feet from the nearest city of Blytheville sewer line. Gifford testified that he planned to build his home on his land and planned to connect to the city sewer. It was undisputed that Gifford could not install his own septic system on the land as long as McGee's lines remained in place.
Following the bench trial, the court found that McGee had an oral easement for the field lines and that Gifford should have, with reasonable diligence, discovered the existence of the field lines before he bought the property. Gifford filed a motion for reconsideration within ten days of the entry of judgment, which was deemed denied. He filed a timely notice of appeal.
"In civil bench trials, the standard of review on appeal is whether the circuit court's findings were clearly erroneous or clearly against a preponderance of the evidence." Peregrine Trading, LLC v. Rowe , 2018 Ark. App. 176, at 1, 546 S.W.3d 518, 520. A finding is clearly erroneous when, although there is evidence to support it, *220 the reviewing court, on the entire evidence, is left with a firm conviction that a mistake has been committed. Id. at 1-2, 546 S.W.3d at 520. Facts in dispute and determinations of credibility are solely within the province of the fact-finder. Id.
On appeal, Gifford argues that the circuit court erred in finding that McGee proved by clear and convincing evidence the existence of an oral easement. The Arkansas Supreme Court has held that an easement is effective in the absence of a writing if certain elements are met: it must be accompanied by (1) consideration, (2) action and reliance on the grant, and (3) the grantees being permitted the granted use. Warren v. Cudd , 261 Ark. 690, 693, 550 S.W.2d 773, 776 (1977). Gifford does not challenge the sufficiency of the proof as to these elements but cites Hannah v. Daniel , 221 Ark. 105, 252 S.W.2d 548 (1952), for the rule that an oral easement is binding on the purchaser of a servient piece of property only if the purchaser had actual or constructive knowledge of the easement.
The general rule is that whatever puts a party upon inquiry amounts in judgment of law to notice, provided the inquiry becomes a duty as in the case of vendor and purchaser, and would lead to the knowledge of the requisite fact, by the exercise of ordinary diligence and understanding. Or as the rule has been expressed more briefly, where a man has sufficient information to lead him to a fact, he shall be deemed cognizant of it.
Hannah , 221 Ark. at 108, 252 S.W.2d at 550.
Here, Gifford argues that the court erred in finding that the easement was apparent to him at the time of purchase. Gifford's argument ignores the fact that, in addition to finding that he had constructive notice of the easement based on the conditions on and around the property, the court also found that Gifford had been specifically told of the easement, citing the testimony of both McGee and Simpkins. The court noted that Gifford challenged McGee's credibility and acknowledged that his testimony was self-serving but found that it had been corroborated by Simpkins. The court specifically found Simpkins to be a credible witness. We will not attempt to weigh the evidence or assess the credibility of witnesses because as that responsibility lies with the trier of fact. Bobo v. Jones , 364 Ark. 564, 567-68, 222 S.W.3d 197, 200 (2006) (citing Williams v. State , 338 Ark. 178, 992 S.W.2d 89 (1999) ). We have repeatedly held that the circuit court is in the superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. Id. We therefore affirm the circuit court's finding that Gifford had notice of the septic lines when he purchased his property.
To the extent that Gifford also argues that the court erred in not finding that the oral easement was barred by the statute of frauds or that the nature of the easement changed significantly after he purchased the property, both his arguments hinge again on his contention that the septic lines were not apparent when he purchased the property. Because we conclude that there was no reversible error in the circuit court's finding that Gifford had actual and constructive notice of the presence of the septic lines, we affirm as to these legal arguments as well.
Affirmed.
Gruber, C.J., and Whiteaker, J., agree.

Gifford's wife later quitclaimed her interest to him in their 2011 divorce.